# JAMES A. FOOTE AND HENRY M. FOOTE
## v.
# JOHN OVERMAN ET AL.

*Administration—Sale of Real Estate by Administrator—Right of Purchaser to Rents Subsequently Accruing.*

1. In the sale of real estate under the statute, an administrator has no power to impose conditions. He can simply sell the rights of the heirs, no more and no less, a sale by him being equivalent to one by the heirs.

2. In the case presented, it is *held:* That the original lease by the husband of an heir of the premises subsequently sold by the administrator, was in effect a lease by the heirs as tenants in common; that the sale on September 24th carried with it the right to the grain rent subsequently to become due; and that the doctrine of emblements has no application.

[Opinion filed January 8, 1886.]

APPEAL from the Circuit Court of Henderson County; the Hon. JOHN J. GLENN, Judge, presiding.

Mr. JOHN C. PEPPER, for appellants.

The lease and the rent went with the land, were sold with it, and the lessees became by virtue of the sale and conveyance, the tenants of purchasers and grantees, and the purchasers and grantees became the landlords of the tenants in occupancy of the land, and were entitled to all rents undue and unpaid at the date of sale.

A sale of the reversion carries with it, unless expressly reserved in the conveyance, all rents and rights under a lease previously granted that subsequently became due, and the grantee or grantees may recover them in an action in his or their own name. Wood's Landlord and Tenant, 539 ; Crosby v. Loop, 13 Ill. 625 ; Foltz v. Prouse, 17 Ill. 487 ; Dixon v. Niccolls, 39 Ill. 372 ; Creel v. Kirkham, 47 Ill. 344 ; Fisher v. Deering, 60 Ill. 115.

Messrs. KIRKPATRICK & ALEXANDER, for appellees.

Whether crops are realty or not depends upon circumstances. As between landlord and tenant, debtor and creditor, and under our statute as between executor and heir, growing crops are personal property. But as between vendor and vendee they are real estate. Powell v. Rich, 41 Ill. 466. If a man sows upon his own land the crop is parcel of the land. If he sows upon his neighbor's land with the agreement that the crop is to be his, the crop is personal estate. 2 Waterman, Trespass, 132, Sec. 739. The same principle applies whenever and wherever a tenancy for an uncertain period is terminated without fault on the part of the tenant. Carpenter v. Jones, 63 Ill. 518. So a sale of growing crops may be made by parol. 3 Washburn's Real Property, 343; Reed v. Johnson, 14 Ill. 257; Graff v. Fitch, 58 Ill. 353, 377; Bull v. Griswold, 19 Ill. 631; Carpenter v. Jones, 63 Ill. 517.

Under our law if an administrator was to make application for the sale of real estate to pay debts, and if at the time of the application crops sowed by the decedent were growing upon the lands proposed to be sold, the crops could not be sold under the decree because they are not part of the realty. If such is the case with relation to crops sown by decedent, how much more surely would the character of personalty attach itself to crops sown by the heirs.

Until the sale, the heir is entitled to the rents and profits. Phelps v. Funkhouser, 39 Ill. 401; Stark v. Brown, 101 Ill. 395, 400; Lill v. Brant, 6 Ill. App. 366.

A tenant or licensee, who occupies for an uncertain time what has terminated without fault on his part, has a right to the crops. Wood, Landlord and Tenant, 99, 971; Talbot v. Hill, 68 Ill. 106; Carpenter v. Jones, 63 Ill. 517.

Even if it be true that the decree carried the crops the administrator could by parol reserve them from the sale. Barker v. Jordan, 3 Ohio St. 438; Sherman v. Willets, 42 N. Y. 146.

BAKER, J. By the agreed case only two questions were submitted to the Circuit Court for adjudication; and these, in substance, were, *first*, whether the proceedings instituted by

the administrator of Benjamin F. Foote, deceased, to sell real estate to pay debts, and the deed made in pursuance thereof, conveyed the title to the premises in question to appellants; second, if they did, whether said sale and conveyance carried the rents and gave appellants the right thereto.

The first point seems to be conceded by appellees, and is not raised by the assignments of error, and argued in the briefs.

Benjamin F. Foote, the intestate, died in 1881, leaving a large amount of real estate and personal property, and a number of heirs, among whom were Annie S. Overman, one of the appellees, who is intermarried with John Overman, the other appellee. The lands being undivided, the heirs, respectively, took possession of some of the tracts of land and used and cultivated them in severalty. John Overman, in right of his wife, cultivated 100 acres in the southeast quarter of section 28, 79 N., R. S. W. [?], for several years, and in the spring of 1885 rented the remaining sixty acres of the quarter section to Shaffer and Garner for two-fifths of the crops raised thereon, as rent, to be gathered and put in cribs and delivered by them.

On the 14th day of July, 1885, the administrator filed a petition to sell real estate to pay debts, in which appellees, and all the heirs, and Shaffer and Garner were made defendants. Summons was served upon appellees on the 7th day of August, 1885, and on the 18th day of August, 1885, a decree was entered for the sale of the quarter section above mentioned. The administrator sold the tract of land in question on the 24th day of September, 1885, and it was purchased by appellants; a deed was executed and delivered to them by the administrator, and at the September term, 1885, of the Probate Court, the sale and deed were approved and confirmed. The rents in controversy were not then due.

One contention in this case arises out of the fact that the administrator, on the day of the sale and previous thereto, announced that possession of the land sold would be given on the first of March, 1886, and that the land would be sold without reserve. In Selb v. Montague, 102 Ill. 446, it was said: "It is claimed that the administrator's sale was made on

terms that the purchasers undertook to discharge not only the mortgages, but also the dower and homestead rights of the widow. * * * The administrator had no lawful authority to make any such terms. His agency arose from the statute. The bounds of his powers were therefore known to all. He could sell just what the law authorized him to sell— that was, the rights of the heir—no more, no less. Had he in fact made such terms, his acts would have been inoperative. He had no power to divest from the use of the creditors a part of the value of the interest of the heir." The rule announced and reasons therefor given by the Supreme Court in the case cited, have application in this litigation, and show that the terms and conditions sought to be imposed by the administrator in the announcement made at the sale were inoperative.

In the same case of Selb v. Montague, it was also said: " A sale by the administrator, under our statute, is equivalent to a sale by the heir, * * * the administrator being made by the statute, in substance, the attorney in fact of the heir to make such sale." The sale here under consideration was, then, by force of the statute and as indicated by the decision of the court of last resort, equivalent to a sale made by the heirs. We also hold that the original renting to Shaffer and Garner may be regarded as in substance a renting by the heirs as tenants in common.

The general rule is, that a sale of the reversion carries with it, unless expressly reserved in the conveyance, all rents under a lease previously given that subsequently become due, and that the grantee may recover them in an action in his own name. Crosby v. Loop, 13 Ill. 625; Foltz v. Prouse, 17 Ill. 487; Dixon v. Nichols, 39 Ill. 372; Creed v. Kirkham, 47 Ill. 344; Fisher v. Deering, 60 Ill. 115. Sec. 14 of Chap. 80, R. S., entitled " Landlord and Tenant," is also in point in this connection.

We think the doctrine of emblements has no application to the issue presented to us by this record. The question here, is simply one of after-accruing rents. The right of Shaffer and Garner to the three-fifths of the products of the sixty acres of

land that by the terms of the renting were to be retained by them, and the right of appellees to the crops raised by them on the 100 acres of land that they themselves sowed, are not in controversy here, and we must decline to pass upon them. The stipulation upon which this suit was submitted to the court below, provided that if both questions submitted by it were determined in the affirmative, then the court should enter judgment for the plaintiffs. The agreed case shows the rent corn was 798 bushels and that it was worth 25 cents a bushel, which would amount to $199.50.

The judgment is reversed and the cause remanded, with instructions to enter a judgment upon the agreed case and in accordance with the stipulation, in favor of the plaintiffs below and against the defendants below, for $199.50 and costs.

*Reversed and remanded.*