WILLIAM PAGE, Respondent, v. B. W. CULVER, Appellant.

Kansas City Court of Appeals, January 8, 1894.

1. **Administration**: EFFECT OF SALE OF REALTY. An administrator's sale of real estate under the statute is equivalent to a sale by the heir.

2. **Reversion**: SALE OF LEASE: RENTS. The sale of the reversion carries with it, unless expressly reserved, all rents that may subsequently become due under a lease previously given, and the grantee may recover the same in his own name.

3. **Rents**: REVERSION: COMMON LAW: APPORTIONMENT. At common law, as rent followed the reversion, no apportionment would be made; but monthly, quarterly and annual rent would follow the land and belong to the owner at the time it accrued.

4. **Administration**: SALE OF REALTY: RENTS. An administrator's sale of land effectually carries the reversion with rent to accrue as an incident thereto, though it be part of the crop, and this, without reference to the condition of the crop as to maturity or immaturity at the time of the sale.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

AFFIRMED.

*James W. Boyd* for appellant.

(1) The instruction given by the court on the part of the respondent, ordering the jury to find for the respondent, is erroneous. The court should have instructed the jury to find for the appellant. *McAllister v. Lawler*, 32 Mo. App. 91; *Oyster v. Oyster*, 32 Mo. App. 270–275; *Adams v. Leip*, 71 Mo. 597; *Jenkins v. McCoy*, 50 Mo. 348; *Harris v. Turner*, 46 Mo. 438; *Morgner v. Biggs*, 46 Mo. 65; *Baker v. McInturf*, 49 Mo. App. 505. (2) Without ownership or right of possession, respondent's action in trover and conversion cannot be maintained. To maintain his action he must establish the fact of general or special property in the corn. *Parker v. Blades*, 79 Mo. 88; *Southworth Co. v. Lamb*, 82 Mo. 242, 249. (3) The administrator's deed purports to convey only the right, title and interest in and to said land which the intestate had at the time of his death. That is all the administrator

could, by such an order and by such a deed, convey. Revised Statutes, 1889, sec. 171. (4) The administrator's deed does not purport or pretend to convey personal property. This corn crop was personal property and belonged to appellant. *Garth v. Caldwell*, 72 Mo. 622-627; *Baker v. McInturf, supra.*

*Thos. J. Porter* and *Ben. J. Woodson* for respondent.

(1) The authorities cited by appellant have no application to the facts of this case. *McAllister v. Lawler*, 32 Mo. App. 91, decides on the authority of *Adams v. Leip*, 71 Mo. 597, *Jenkins v. McCoy*, 50 Mo. 384, *Harris v. Turner*, 46 Mo. 438 and *Morgner v. Biggs*, 46 Mo. 65, that an action of replevin will not lie in favor of the owner of land for a crop grown on and severed from the soil by a person in actual possession. (2) This being an action against the appellant, who never was in possession of the land, did not plant, cultivate nor harvest the crop, for one-third of the corn raised by a tenant reserved for rent, differs widely in principle from the cases relied upon by appellant's counsel and falls within the principle announced in *Foot v. Overman*, 22 Ill. App. 181, which holds that a purchaser at an administrator's sale takes with the land the share of the crop grown on the land reserved for rent, and of *Culverhouse v. Worts*, 23 Mo. App. 419; *Hayden v. Burkemper*, 101 Mo. 644, 647; *Stevenson v. Hancock*, 72 Mo. 612. (3) The only right claimed by appellant to rent the land was that inherited by his wards from their father. They took the land charged with the ancestor's debts and occupy the same position as that of a landlord who rents his land subject to a mortgage. *Hetch v. Deteman*, 56 Iowa, 679; 1 Jones on Mortgages, secs. 697, 780, 1658; *Culverhouse v.*

*Worts*, 32 Mo. App. 419. (4) But there is no contro-
versy with the tenant. Whatever respondent's rights
may have been against the tenant in possession and
claiming the corn, the share of the crop agreed upon
as rent for the use of the land followed the reversion,
and the tenant could have been compelled to attorn to
the purchaser. Revised Statutes, 1889, secs. 6373,
6397; *Culverhouse v. Worts, supra.*

SMITH, P. J.—The plaintiff sued the defendant in
trover and unlawful conversion to recover the value of
five hundred bushels of corn.

It appears that one William Murrin died seized of
the land upon which the corn in controversy was
grown; that after his death and pending the adminis-
tration of his estate the defendant was appointed
guardian of his two minor children, and as such
guardian he rented the land to several different tenants
in several parcels, to be cultivated in corn during the
cropping season of 1888.

On the seventeenth day of May, 1888, the probate
court ordered a sale of the land for the payment of
debts; on the sixth of August, 1888, the land was sold
under the order by the administrator at which sale the
plaintiff became the purchaser and in the same month
paid the purchase price, at which time the corn was
maturing on the land. It was shown the corn was
not then completely matured. It was gathered in
December and January following. The defendant
who was thus in possession of the land by his tenants
at the time of the sale by the administrator received
and converted the rent corn to his own use. The
plaintiff had judgment in the court below, and from
which the defendant has appealed.

It is not disputed but that the proceedings insti-
tuted by the administrator of William Murrin, deceased,

to sell real estate to pay debts, and the deed made in pursuance thereof, conveyed the title to the premises in question to the plaintiff, and the only question which we are obliged to decide is, whether said sale and conveyance carried the rents and gave the plaintiff the right thereto.

In Illinois it has been ruled that a sale by the administrator under the statute of that state is equivalent to a sale by the heir, the administrator being made by statute, in substance, the attorney in fact of the heir to make such sale. *Selb v. Montague*, 102 Ill. 446; *Foot v. Overman*, 22 Ill. App. 181. And we can discover no reason why our statute concerning the administration of the estate of deceased persons should not be construed so as to give it a similar effect. Accordingly we think the sale of the land by the administrator was equivalent to a sale made by the heir. And so the renting by the defendant in his capacity as guardian of the heirs may be regarded as a renting by the heirs themselves.

The general rule is that a sale of the reversion carries with it, unless expressly reserved in the conveyance, all rents under a lease previously given that may subsequently become due, and that the grantee may recover them in an action in his own name. *Foot v. Osterman*, 22 Ill. App. *supra*, and cases there cited.

At common law, as rent follows the reversion or ownership of the land, no apportionment would be made; but the monthly, quarterly or annual rent would follow the land and belong to the owner at the time it accrues. *Vaughn v. Lock*, 27 Mo. 290. This rule has not been changed by our statute, but, on the contrary, it finds recognition in the provisions thereof. Revised Statutes, secs. 6373, 6397, 6398.

Hence it follows that the sale of the land by the administrator to plaintiff passed to him all the title of

the defendant's wards, including their share of the crops reserved for rent and without reference to the condition of the crops. It effectually conveyed to plaintiff the reversion with the rent to accrue as incident to it. *Culverhouse v. Worts*, 32 Mo. App. 419; *Hetch v. Deteman*, 56 Iowa, 679; Jones on Mortgages, secs. 697, 780, 1698. According to these rules it is manifest that the plaintiff was entitled to the rent corn, and, therefore, we are unable to find any fault with the action of the trial court in directing the jury to find for the plaintiff.

It results that the judgment of the circuit court must be affirmed. All concur.