Matthews, Stubblefield & Co. v. Nation and Pulse.

MATTHEWS, STUBBLEFIELD & COMPANY, Appellants, v. G. J. NATION and O. L. PULSE, Respondents.

St. Louis Court of Appeals, February 23, 1897.

Landlords' Lien on Crops Grown on Demised Premises: ASSIGNMENT OF RENT: SUIT BY ASSIGNEE: EVIDENCE: INSTRUCTIONS. In an action by the assignee of a landlord's claim for rent due on demised premises, against the purchasers of corn grown on the premises, for recovery of the rent, under sections 6384, 6386 of the statute, where it was shown, by the evidence, that the corn sold by the tenant to defendants, was raised on the leased premises of the assignor, that he sold the rent to plaintiffs, that defendants, before they paid the tenant for the corn, but after its delivery, had notice that it came from rented lands, also that defendants had notice that plaintiffs had a claim against the tenant, but the testimony was conflicting as to whether defendants had notice that this claim was for rent,—*Held*: that the giving of instructions which failed to present all the law of the case, and were calculated to mislead and leave the jury in the dark as to the importance of payment after notice, had before payment was made, was error.

*Appeal from the Stoddard Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED.

*J. J. Russell* for appellants, citing R. S. 1889, secs. 6384, 6386; *Toney v. Goodley*, 57 Mo. App. 248.

No brief filed for respondent.

BLAND, P. J.—This suit originated before a justice of the peace. Appeal was taken to the Stoddard county circuit court, where, upon a trial by jury, verdict and judgment were rendered for the defendants.

It appears from the evidence that one Wm. Hunter, rented twenty-nine and forty-six one hundredth acres of land in Scott county, to one Jonathan

Branham, for the year 1895, at $3 per acre, or $88.38, and that on the eleventh day of December, 1895, Hunter sold and assigned this rent to the plaintiffs. Branham in November of that year sold and delivered to the defendants one hundred and eighty-eight bushels of the corn, grown on the leased premises at twenty-two cents per bushel, and received pay for the same on the nineteenth day of December. One Haws, as agent of the plaintiffs, notified defendants that the corn, purchased by them of Branham, was rent corn grown on the Hunter land, and that the rent was due to the plaintiffs,—so he testified by deposition. Defendants admit that Haws gave them notice that plaintiffs had a claim against Branham, but deny that he gave them notice that their claim was for rent, and stated that he did not disclose the nature of the claim, and only requested them to withhold payment to Branham for plaintiffs' benefit. Branham, the renter, testified that on the day he settled with defendants· (December 19) he informed them that the corn was grown upon Hunter's land, and was rent corn, but that he did not know that plaintiffs had bought the rent, and told defendants, if he owed plaintiffs anything, he did not know it. Pulse, one of the defendants, testified that on December 15, before he paid Branham on the nineteenth, he received a letter from plaintiffs telling him if he had not paid Branham, not to pay him, as they had a claim against him, and demanded his money. He further stated that at the time he settled with Branham, he asked him if he had raised this corn on rented land, and Branham answered that he did. This was before payment was made. The plaintiffs asked the following instructions, which were refused:

"1. The court instructs you that the proof in this cause shows that the defendants purchased of Jonathan Branham part of the corn grown upon land

leased by him from William Hunter in Scott county, Missouri, in 1895, and the said Wm. Hunter sold and assigned said accounts for rent to the plaintiffs before the suit was brought, and that before and at the time the defendants paid said Branham for said corn that they had knowledge that said corn was grown upon leased premises.

Therefore the court instructs you that your verdict must be for the plaintiffs and you will assess their damages at such sum as you believe from the evidence was the reasonable value of the said corn so purchased at the time."

"2. The court instructs you that if you find from the evidence that defendants, or either of them, bought corn from one Branham that was grown on leased land belonging to Wm. Hunter, and that said Hunter assigned the accounts for rent to plaintiffs before this suit was brought, and that the rent is still due and unpaid, and that the defendants, or any of them, bought the corn, and that they paid for it after they, or either of them, had knowledge that it was grown on rented land, then you will find for the plaintiffs in suit such as you believe from the evidence was the reasonable value of the corn purchased by them at the time.

"And the court instructs you that it makes no difference whether the defendants have paid the full purchase price of the corn to Branham or not."

"3. The court instructs you that in determining the issues in this case it is immaterial whether the defendant knew that the accounts for rent had been assigned by Hunter to the plaintiffs or not. But if the defendants knew at the time they paid for the corn that it was grown upon leased land it is no ground for defense, even if they did not know at the time that said account had been assigned to the plaintiffs."

"4.   The court instructs you that if the defendants purchased the corn from Branham that was grown on leased premises, it makes no difference whether they had knowledge of such fact at the time the same was purchased or delivered, but the question is whether they, or either of them, had such knowledge at the time or before they paid for same."

The court of its own motion gave the following instructions:

"1.   If the jury believe from the evidence in the cause that Jonathan Branham rented from William Hunter the land set out and described in plaintiffs' statement and agreed to pay him the sum of $88.38, and the said Wm. Hunter for a valuable consideration sold and assigned said sum to Matthews, Stubblefield & Company, then the plaintiffs would be entitled to recover the amount of said sum out of any crop grown upon the premises, if the crop remained in the hands of said Branham, or in the hands of any person who bought said crop, or any part thereof, with knowledge that it was grown upon the rented premises.

"Now if you shall find from the evidence the fact to be true that at the time defendants bought the corn from Branham, they knew that it was rent corn, or grown upon rented land, your verdict shall be for the plaintiffs, and you shall assess as damages the sum which you shall find from the evidence the corn bought by defendants from Branham was reasonably worth."

"2.   And if you shall find from the evidence that at the time defendants bought the corn from Branham they had no knowledge that said corn was grown upon the land of Hunter and that said land was rented to said Branham, then your verdict should be for the defendants."

It is abundantly shown, by the testimony, that the corn sold by Branham to defendants, was corn raised

on the leased land of Hunter; that Hunter sold the rent to plaintiffs, and that defendants, before they paid Branham for the corn, but after its delivery, had notice that this corn came from rented lands. The evidence is also clear that defendants had notice that plaintiffs had a claim against Branham, but the testimony is conflicting as to whether or not they had notice that this claim was for rent. Defendants deny any such notice. Plaintiffs being the assignee of Hunter, the landlord, are by section 6386 given the same rights of action to recover rents, as are given the landlord by the two preceding sections, 6385 and 6384. This latter section authorizes an attachment to enforce the landlord's lien for rent against any person, who shall buy any crop grown on demised premises, upon which any rent is unpaid, when such purchaser has knowledge of the fact that such crop was grown on demised premises. This is a statutory annunciation of a rule of law plain and positive. All that it requires, to charge the purchaser of crops, grown on leased premises, with liability for rent due, to the extent of his purchase, is that he shall have knowledge of the fact, that what he has bought, was grown upon demised premises. This liability would attach, at any time after such knowledge was acquired under the equities of the statute, if acquired before the consummation of the purchase, by both delivery and payment. The instructions given by the court are correct enough, in a general way, but they did not present all the law of the case, and were, in the absence of instructions on the effect of payment for the corn, calculated to either mislead or leave the jury in the dark as to the importance of payment after notice, confessedly had before the payment was made. Instructions numbers 3 and 4 asked by

LANDLORD's lien: assignment of rent: evidence: instructions.

appellants, or instructions of a similar purport, under the evidence in this case, should have been given. For this error the case is reversed and remanded. All concur.