SAMUEL DARBY, Respondent, v. ALBERT A. JORNDT, Appellant.

**St. Louis Court of Appeals, October 23, 1900.**

1. **Rented Premises**: CROP SUBJECT TO PAYMENT OF RENT: CONSTRUCTIONS OF SECTION 4123, R. S. 1899. The crop grown on demised premises is subject to payment of the rents, and any purchaser of the crop who has knowledge, that the crop was grown on the premises, is liable to an action for the value of the crops purchased to the amount of the rent.

2. ———: ———: ———: BEFORE PAYMENT OF PRICE OF CORN. Although defendant at the time he purchased such rent corn, did not know that the rent was unpaid, yet if he received such knowledge before he paid the price of the corn, and paid it notwithstanding, he will be liable to suit for the rent to the extent of the sum paid.

3. ———: ———: ———: INSTRUCTIONS. The evidence brought the case clearly within the provisions of the statute and the instructions for plaintiff have heretofore received the sanction of this court.

4. ———: ———: DAMAGES: APPEAL VEXATIOUS. Under the circumstances of this case the statutory penalty for a vexatious appeal will be imposed.

Appeal from the Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED (*with ten per cent damages*).

*C. L. Keaton* and *N. A. Mozley* for appellant.

(1) Plaintiff waives his right of lien—being on the ground and allowing and giving his tenant Grogan permission to sell the corn and Grogan did sell and collect the money therefor, under said permission the vendee took the corn free of the landlord's lien. Toney v. Goodley, 57 Mo. App. 235; Fulkerson v. Lynn, 64 Mo. App. 649. (2) Jorndt did not know the crop was grown on demised premises either; first, when he bought it; or second, when he paid for it; and third, Darby authorized Grogan to sell the crop; thereby waiving his lien. Fulkerson v. Lynn, 64 Mo. App. 649.

*J. J. Russell* for respondent.

(1) There was no fact necessary to entitle plaintiff to recover that was not authorized by the evidence, if not perfectly established. This court will not weigh the testimony when the case has been fairly tried and decided by a jury. Honeycutt v. Railway, 40 Mo. App. 674. (2) The testimony of Darby distinctly denies that he ever waived, or intended to waive, his lien on this corn; and if that question was involved in this case it was by the jury found in his favor. Hence, the cases relied on by appellant are favorable to respondent. The instructions given were nearly exactly the same as those approved heretofore by this court. Matthews v. Nations et al., 69 Mo. App. 327. (3) The case of Matthews et al. v. Nations et al., was almost exactly like this case; and the decision of this court in that case is decisive

of this case.    It clearly shows that the verdict in this case was for the right party, and should be affirmed.    Benton v. Adams, 65 Mo. App. 6.    This appeal is without merit and was evidently taken for delay, and we ask that it be affirmed with ten per cent damages.    Revised Statutes 1899, sec. 867; Thomas Mfg. Co. v. Huff, 62 Mo. App. 124; Mining Co. v. Coquard, 40 Mo. App. 40.

BIGGS, J.—This is an action under section 4123, Revised Statutes, 1899, to recover the value of a crop of corn grown upon land rented by one Grogan from plaintiff.    The corn was sold by Grogan to the defendant.    The statute provides that "if any person shall buy any crop grown on demised premises, upon which any rent is unpaid, and such purchaser has knowledge of the fact that such crop was grown on demised premises, he shall be liable in an action for the value thereof to any party entitled thereto, or may be subject to garnishment at law in any suit against the tenant for the recovery of the rent."

The plaintiff's evidence tended to prove that he rented his farm in Stoddard county to Grogan in 1896, for which he agreed to pay him as rent $188.50, and which he had failed to pay; that Grogan planted and cultivated a crop of corn on the land; that in December, 1896, he sold the corn to defendant for $212; that before the defendant paid Grogan for the corn the plaintiff notified him that the corn had been grown upon his premises; that Grogan had failed to pay the rent, and the amount thereof then due, and requiring the defendant to hold a sufficient amount of the proceeds of the corn to pay the balance of rent.    Upon this testimony the court at the instance of the plaintiff instructed the jury as follows:

1.    "The court instructs you that if you believe from the evidence that the defendant in 1896 bought corn from one

Grogan that was grown in 1896 on rented land belonging to the plaintiff and that the rent is still due and unpaid, and that the defendant paid Grogan for it after he had notice that it was rent corn grown on rented land, then you will find for the plaintiff in such sum as you believe from the evidence was the reasonable value of the corn purchased by said defendant from said Grogan, but not exceeding the amount of rent due for the rent of said land for said year 1896, and not exceeding the amount sued for, $188.50.

"And you are instructed that it makes no difference whether the defendant has paid the full purchase price of said corn to Grogan or not."

2. "The court instructs you that if the defendant purchased the corn from Grogan that was grown on leased land, or corn that had a lien against it for rent, it makes no difference whether he had knowledge of such fact at the time the same was purchased or delivered, but the question is whether he had such knowledge at the time or before he paid for it."

3. "The court instructs you that if you find for the plaintiff you will allow him interest on such sum as you find to be due him from the defendant at the rate of six per cent per annum from the date of the commencement of this suit."

4. "The court instructs the jury that in this case the burden of proof is on the plaintiff to establish his claim by a preponderance of testimony, and unless the jury find and believe from the evidence that the plaintiff has established his claim by a preponderance of the evidence the jury will find for the defendant."

5. "The court instructs the jury that unless they believe and find from the evidence in this case that defendant A. A. Jorndt, had knowledge of the fact at the time that he paid the money to Charley Grogan for the corn bought from said Gorgan by said Jorndt, that the same was grown on demised premises and that the amount claimed by plaintiff

herein was for rent due said plaintiff from said Grogan for the year 1896, then your finding will be for defendant."

The defendant asked no instructions.   The jury found the issues in favor of the plaintiff and assessed his damages at one hundred and fifty dollars, for which amount the circuit court rendered a judgment.   The defendant has appealed.

We have examined the record in this case and can find no just or reasonable ground for the appeal.   The action is authorized by the plain provision of the statute; the plaintiff's evidence brought the case clearly within its provision, and the plaintiff's instructions have heretofore received the sanction of this court (Matthews v. Nation & Pulse, 69 Mo. App. 327).   The claim that plaintiff's statement filed with the justice is insufficient, is without merit.   It was sufficient to notify the defendant of the nature of the cause of action, which is all that the law requires.   Under the circumstances we are inclined to impose on the appellant the statutory penalty for a vexatious appeal.   Therefore the judgment of the circuit court will be affirmed with ten per cent damages. All concur.