GOESSE & REMMERS BUILDING & CONSTRUC-
TION COMPANY, Defendant in Error, v. KIN-
NERK, Plaintiff in Error.

**St. Louis Court of Appeals, November 18, 1907.**

1. **LANDLORD AND TENANT: Action for Rent and Possession:**
   **Payment of Rent in Advance.** Where a landlord brought an ac-
   tion against his tenant for rent and possession, the rent being
   payable monthly in advance, and the action being brought before
   the expiration of the month for which the rent was due, he
   could nevertheless recover for both rent and possession, espe-
   cially where the judgment was rendered after the expiration of
   the month for which the rent was due. [R. S. 1899, sec. 4131.]

2. ———: ———: **Amount of Recovery.** Under section 4133, Re-
   vised Statutes 1899, in an action for rent and possession, a land-
   lord may recover on appeal from a judgment of a justice of the
   peace to the circuit court, the amount of rent accrued at the
   time of the hearing, although the sum is greater than the
   amount sued for in the justice's court.

Appeal from St. Louis City Circuit Court.—*Hon. Wm.
M. Kinsey,* Judge.

AFFIRMED.

*R. M. Nichols* for plaintiff in error.

*Robert L. McLaran* for defendant in error.

GOODE, J.—This is an action under the Landlord
and Tenant Act for the rent and possession of premises.
The premises are rooms on the second floor of a building
on Obear avenue, in the city of St. Louis. The defend-
ant was the tenant, or was found to be by the court
below, of the plaintiff, from month to month at a rental
of $20 a month, payable in advance. This action is for
one month's rent which fell due February 11, 1905, and
as the rent was payable in advance, was due for the
month from February 11th to March 11th. In its state-
ment filed before the justice of the peace, the plaintiff

company asked judgment for the rent and possession of the premises under the provisions of section 4131 of the Revised Statutes (1899). The cause was not heard before the justice until March 17th; that is, six days after the month had expired. Thereupon the justice entered judgment in plaintiff's favor for $20 rent and restitution of the premises. Subsequently an appeal was taken to the circuit court where the case came on for hearing in November, 1905, and on the 27th of that month, judgment was entered for plaintiff against defendant and his surety on the appeal bond, for $180 rent and restitution of the premises. The amount for which the judgment was given was for rent which had accrued from February 11th to November 11th, or nine months. An appeal was prosecuted to this court.

Defendant contends that as this action was instituted before the justice of the peace on March 3, 1905, that is, about eight days before the month's rent had been earned by occupation of the premises, plaintiff could not sue both for the amount of the rent and restitution of the premises. In other words, could not claim a forfeiture of the defendant's leasehold and also the rent for the entire month. Our statute allows an action to be brought for rent and recovery of the premises by a landlord from a tenant "whenever any rent has become due and payable and payment has been demanded by the landlord or his agent," etc. [R. S. 1899, sec. 4131.] The same section provides that a summons shall be issued to the tenant, requiring him to appear on the day named and show cause why possession of the property should not be relinquished to the plaintiff. This statute appears explicitly to permit an action to be brought for the rent and possession of premises whenever the rent becomes due and payable; and undoubtedly parties have a right to agree to pay rent in advance and make it fall due in advance. [18 Am. & Eng. Ency. Law (2 Ed.), p. 271.] In any view of the

proposition in its application to the present case, no prejudice resulted to the defendant; because, when judgment was entered by the justice on March 17th, defendant had had possession of the premises for six days more than a month. Therefore the judgment could not have been in derogation of his rights, as attempting to oust him from possession and yet make him pay rent for a period subsequent to the ouster. Hence, even granting for the sake of argument, that the statute on a proper interpretation would not allow suit to be brought for the unearned rent and also for possession of the premises, in the case at bar the matter would be a pure technicality.

It is further insisted that the judgment is excessive because there was no proof that defendant was in possession after March 11th. It is shown by a memorandum filed by the trial court in connection with the ruling on defendant's motion for a new trial, that the court at first ordered the motion sustained unless the plaintiff would remit from the judgment all but the rent for the month from February 11th to March 11th, because there was no evidence that defendant was in possession of the premises after the latter date. Subsequently the court set aside this ruling on the ground that it had been proved defendant was in possession when the suit was instituted, and there being no proof of his having removed, the presumption was that he had continued in possession. The statement contained in the bill of exceptions in regard to the evidence introduced by the two parties in the circuit court, makes it clear that defendant had remained in possession after March 11th and that this matter was not proved because no question was raised about it. What was in dispute was whether the defendant was a tenant of the plaintiff, or simply the agent of the tenant; whether there had been a proper demand for the rent prior to suit, and whether or not plaintiff was entitled to recover as it had refused

to make certain repairs urgently demanded by the defendant. It is nowhere asserted that the defendant was not in possession; all that is claimed in his behalf is that the evidence failed to show affirmatively that he was. As we have said, there is no doubt that this matter was not in issue at the trial.

It is further contended that judgment could not be entered in the circuit court against defendant for a greater amount than was sued for in the justice's court. We do not accept this construction of the statutes. Section 4133 permits a justice of the peace, before whom a suit is brought under the Landlord and Tenant Act, to enter judgment for the amount of the rent due at the hearing and for possession of the premises, if the tenant does not tender the rent meanwhile. The appeal bond in the present case bound both the defendant and his surety to pay any judgment which might be rendered against the defendant on a trial anew in the circuit court; and this is in accordance with section 4081, which provides for appeals from justices of the peace in ordinary cases. Section 4139 of the chapter on Landlord and Tenant Act, says appeals in actions like the present, shall be prosecuted in the manner provided by law for appeals in other cases, but that no appeal shall be allowed a defendant unless he give bond with security to pay all damages, costs and rent *then due and to accrue.* This language plainly contemplates that a judgment shall go in the circuit court for any rent which has accrued up to the date of the hearing therein.

The judgment is affirmed. All concur.