# W. C. LOOMIS, Appellant, v. ETTA V. SHRINER et al., Defendants; JOHN C. MUCKERMANN, Garnishee, Respondent.

**St. Louis Court of Appeals, April 2, 1912.**

1. **REAL ESTATE: Conveyances: Landlord and Tenant: Un-accrued Rent: Garnishment of Tenant.** Upon the conveyance of real property in the possession of a tenant, the right to rent not accrued passes with the reversion, and hence the tenant is not subject to garnishment therefor, on an execution issued against the grantor, nor will a notice of garnishment, under section 2416, Revised Statutes 1909, have the effect of attaching it.

2. ————: ————: ————: ————: ————: **Judgments: Lien.** Where real property, in the possession of a tenant, is conveyed, the lien of a judgment rendered against the grantor will not give the judgment creditor a right to recover against the tenant in a proceeding to garnish him for rent which had not accrued at the time the property was conveyed, where such rent, having accrued, was collected by the grantee, without the land having been levied upon and sold under the execution.

3. **REAL ESTATE: Conveyances: Landlord and Tenant: Accrued Rent.** Where rent is payable monthly in advance, the right to a monthly installment becames absolute when it accrues, and it is rent in arrear, which may be sued for and recovered at any time; and hence it does not pass with a conveyance of the reversion, but belongs to the grantor, his representatives, or assigns.

4. **GARNISHMENT: Assignment Pending Proceedings: Effect: Landlord and Tenant.** Where rent accrues between the time of the service of garnishment upon the lessee of an execution debtor and the filing of an answer, the execution debtor cannot defeat the garnishment by an assignment of the rent.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney,* Judge.

REVERSED AND REMANDED.

*Geo. S. Grover* for appellant.

Under section 3436 of the statute, the fund here in dispute was attached by the garnishment writ in this cause, and was therefore, after the service of the writ upon the garnishee, on October 26, 1908, a fund in *custodia legis,* which could only be thereafter lawfully paid out under the order of the circuit court of St. Louis County, Missouri, in whose sole custody said fund then was. Mattingly v. Boyd, 61 U. S. 228; Potter v. Stevens, Garnishee, 40 Mo. 591; Dinkins v. Woodenware Co., 99 Mo. App. 318; Rood on Garnishment, sec. 192, p. 238; 2 Shinn on Garnishment, sec. 712, p. 2156; Waples on Attachment and Garnishment, secs. 363, 547, 579; Drake on Attachment, secs. 598, 599; Tourville v. Railroad, 61 Mo. App. 527, 148 Mo. 614, 179 U. S. 322; Bank v. Railroad, 45 Iowa, 126; Loyless v. Hodges, 44 Georgia, 647. (2) Section 3398 of the statute absolutely nullifies the fraudulent scheme devised and carried out by the Shriners, with the aid of Essen and Muckermann, as shown by this record, for the purpose of defeating the just and uncontroverted claim of Loomis, a judgment creditor of the Shriners, to the fund here in controversy. And such is the effect of said statute, if the creditor is so defrauded, even if no fraudulent intent is shown. Scharff v. McGough, 205 Mo. 344, 363; Winklemeier v. Katzburger, 77 Mo. App. 117. (3) Under section 3439 of the statute, it was the plain duty of Muckermann, this garnishee, under the facts here disclosed, to pay the fund in dispute into court. This statute, as the proof shows, was deliberately violated by the garnishee, for the benefit of the Shriners, so as to defeat and defraud the diligent creditor, Loomis. Potter v. Stevens, Garnishee, 40 Mo. 591. (4) While the fund here in dispute was *in custodia legis,* under this writ of garnishment, the conveyance from the Shriners to Essen

did not operate as a transfer of said fund to Essen, for the benefit of the Shriners, so as to defraud Loomis. Winklemeier v. Katzelburger, 77 Mo. App. 117.

*Watts, Dines, Gentry & Lee,* for respondent, filed argument.

STATEMENT.—This is a proceeding in garnishment on execution. The trial was by the court, sitting as a jury, and resulted in a finding and judgment in favor of the garnishee. The plaintiff has appealed.

The facts in the case which we deem to be uncontroverted, may be stated in substance as follows: When served with the summons in garnishment, October 26, 1908, the garnishee, Muckermann, occupied a dwelling house as the tenant from month to month of the defendants Shriner, the rent being sixty dollars a month payable in advance on the 15th day of each month. The rent due in advance October 15, 1908, and prior thereto had been paid. The next monthly payment of rent became due in advance on November 15, 1908, on which day and thereafter the garnishee still occupied the house as a tenant of the defendants and they still owned it. On November 18, 1908, the defendants by their deed duly conveyed the house to one Essen, who forthwith demanded rent of the garnishee, exhibiting the deed by which he acquired title. Thereafter, sometime in December, the garnishee paid the new owner, Essen, one hundred and twenty dollars, being the sixty dollars which became due in advance on November 15, 1908, while the Shriners owned the property, and sixty dollars becoming due on December 15, 1908, after Essen had become the owner of the property. Thereafter on January 15, 1909, Muckermann filed his answer as garnishee confessing that he owed the defendants Shriner eight dollars as rent from and including

November 16, 1908, to and including November 19, 1908, but denying having been or being otherwise indebted, etc. We need not set out the plaintiff's denial of the answer and the garnishee's reply thereto, as the foregoing statement is sufficient to make clear the only point which we believe is involved on this appeal. There was also evidence from which the plaintiff would have us infer that Essen was the mere agent of the Shriners in receiving the $120 and that the garnishee knew of this and fraudulently connived and colluded to defraud the plaintiff. But that being a question of fact in controversy, which the trier of the facts has found against the plaintiff, and that finding being conclusive upon us on this appeal, there is no occasion for our encumbering this opinion with a statement of the evidence bearing on it, and we will treat of the case on the theory that the transfer of title, etc., were *bona fide.* The finding of the trial court was in favor of the garnishee, with an allowance in his favor of thirty dollars, less the eight dollars the garnishee had confessed owing.

CAULFIELD, J. (after stating the facts).—The finding and judgment of the trial court was right in so far as it refused to hold the garnishee answerable for the rent due in advance on December 15, 1908, after the reversion had passed to Essen. This rent did not become subject to the garnishment, because the tenant's liability therefore to the defendants Shriner was contingent upon the latter being the owners of the reversion when it became due, and that contingency never happened. [14 Am. & Eng. Ency. Law 766; Blankenship & Blake Co. v. Moore et al., 4 Tex. App. (Civ. Cas.) 208, 16 S. W. 780; Thorp v. Preston, 42 Mich. 511; State ex rel. v. McCullough, 85 Mo. App. 68.] There was nothing to prevent this rent passing to Essen with the reversion. Not being due it was not personal property such as the notice

of garnishment had the effect of attaching. [R. S. 1909, sec. 2416; Ordway v. Remington, 12 R. I. 319.] And the mere general lien of plaintiff's judgment did not affect it, it having accrued and been collected by the owner of the reversion without the land having been levied upon and sold under the execution. [1 Black on Judgments (2 Ed.), sec. 400; School. District, etc. v. Werner, 43 Iowa, 643.]

But otherwise the finding and judgment in favor of the garnishee was erroneous. He was clearly answerable for the entire installment of rent, amounting to sixty dollars, which was payable in advance on November 15, 1908. On that day said sum, though payable in advance, became absolutely and unconditionally due to the defendants Shriner. Thereafter it was rent in arrears which they might have sued for and recovered at any time. [Building & Const. Co. v. Kinnerk, 127 Mo. App. 451, 452, 105 S. W. 673.] Being rent *in arrear,* it was no part of the reversion, but was a mere chose in action (2 Wood's Landlord & Tenant [2 Ed.], sec. 455; Sharp v. Key, 8 M. & W. 379), such as would inure in case of the landlord's death to the benefit of his personal representatives, and not of his heirs. [Coberly v. Coberly, 189 Mo. 1, 19, 87 S. W. 957.] It no more passed by implication with the land to Essen than any other personal claim of the defendants Shriner against their tenant, this garnishee. [Vaughn v. Locke, 27 Mo. 290.] It could not have passed even by express assignment, so as to defeat plaintiff's right under the garnishment, after that right had attached. Plaintiff's right did attach at the moment this rent became due to the defendants Shriner, that event having occurred between the time of service and the time of filing garnishee's answer. [Dinkins v. Crunden-Martin Woodenware Co., 99 Mo. App. 310, 73 S. W. 246.] Thereafter the defendants Shriner could not by any

act of their own defeat the rights of the garnishee. [14 Am. & Eng. of Law (2 Ed.), p. 858.]

Judgment reversed and cause remanded. *Reynolds, P. J.*, concurs; *Nortoni, J.*, not sitting.