## C. W. FREEMAN v. GEORGE RUTH.

Springfield Court of Appeals, January 7, 1924.

1. **LANDLORD AND TENANT:** Purchaser of Corn Grown on Rented Land Held Liable to Assignee of Landlord for Value to Extent of Unpaid Rent. Where purchaser knew that the corn that he was

buying was raised on rented land, he was liable, under Revised Statutes 1919, sections 6893, 6895, to an assignee of the landlord for the value thereof to the extent of the unpaid rent.

2. ———: Elements of Cause of Action Stated. Under Revised Statutes 1919, section 6893, making the purchaser of crops grown on rented land liable for the rent due thereon, a holder of rent notes suing such a purchaser makes out a case when he shows that the rent has not been paid, that he is entitled thereto, that the crops have been sold from the rented property, and that the purchaser had knowledge thereof prior to the time of having fully paid for the same.

3. ———: Burden on Purchaser of Crops Grown on Rented Land to Show Payment Therefor Before Knowledge of Lease. Where purchaser of crops grown on rented land, sued for the rent under Revised Statutes 1919, section 6893, claims that a partial payment for the crops has been made prior to having received knowledge that the premises were rented, the burden is on him to show such fact and that he did not owe tenant a sufficient amount to cover the rent charge.

4. APPELLATE PRACTICE: Element not Entering into Verdict Cannot be Complained of on Appeal. Defendant cannot complain of provisions in a note relating to penalties and attorney's fees, where the verdict of the jury shows that no such element was considered or found in the verdict.

Appeal from the Circuit Court of Butler County.—*Hon. Almon Ing,* Judge.

AFFIRMED.

*Sam M. Phillips* for appellant.

*W. A. Welker* for respondent.

FARRINGTON, J.—The plaintiff recovered a judgment against the defendant under sections 6893 and 6895, Revised Statutes 1919, as assignee of rents on

lands due for the year 1922. The facts of the case, as appear from the record, are as follows: One Doherty owned some lands on the 1st day of March, 1922, and rented them to J. W. Hargrove for the 1922 season. The cash rent was $500. Two notes for $250 each were executed by Hargrove to Doherty, payable during the year, and which the evidence expressly shows were not accepted as payment of rent but merely to evidence the amount of the rent. In the face of the notes is written: "Secured by lien on 1922 crop." These notes were sold by Doherty to the plaintiff herein, and the defendant purchased from Hargrove the corn crop raised on the land in 1922. There was a credit of $130 entered on the notes, leaving a balance due thereon of $370. A judgment based upon the verdict of the jury for $370 was entered, from which defendant appeals.

As we view this case, there is little ground for discussion. The evidence shows that the plaintiff was the assignee of the landlord, which permitted him to bring this suit under section 6895, Revised Statutes 1919. The record further shows by plaintiff's testimony, the dedendant standing on a demurrer to the evidence, that the corn was sold to the defendant and that the defendant came to him and asked him how much of a lien he held against the crop, and at that time stated that all of the purchase price of the corn had not been paid to the tenant Hargrove by the defendant. From this evidence it can be inferred that prior to this conversation the defendant knew that the corn he was buying was raised on rented land, and under the plain provision of the statute, with that knowledge, he was liable to the plaintiff. The statute, section 6893, Revised Statutes 1919, provides: "If any person shall buy any crop grown on demised premises upon which any rent is unpaid, and such purchaser has knowledge of the fact that such crop was grown on demised premises, he shall be liable in an action for the value thereof to any party entitled thereto, or may be subject to garnishment at law

in any suit against the tenant for the recovery of the rent.'' This statute, in as plain language as can be written, makes the purchaser of crops grown on rented land liable to the landlord or any assignee of the landlord for the value of the crops provided the purchaser knew that the crops purchased were grown on rented land. The plaintiff has made out his case and carries the burden under this statute when he shows that the crops which had been raised on rented land were purchased from the tenant, and has evidence tending to show that when the purchaser bought the crops he knew that they came from rented land, and under the terms of the statute the plaintiff should also show that the rent is unpaid.

Apparently under this statute the plaintiff has made a case when he shows that the rent had not been paid; that he is entitled to the rent; that the crops have been sold from the rented property, and that the purchaser thereof had knowledge that the crops came from rented land at any time prior to having fully paid for the same. Under this showing he would be entitled to a judgment for the value of the crops to the extent of his unpaid rent.

In a case where a defendant is claiming that a partial payment had been made prior to having received the knowledge, the burden should be on him to show that he did make the payment prior to such knowledge in order that he might be entitled to credit therefor. The amount which he claims to have paid is a matter which is within his peculiar knowledge and easy of proof by him, but in many cases would be a difficult matter for a plaintiff to show. In this case there was some evidence introduced by the plaintiff from which it could be inferred that a partial payment had already been made when defendant acquired the information that the crops came from rented land.

We, therefore, hold that the defendant should be required to show, under these circumstances, that he did not owe the tenant a sufficient amount to cover the rent

charge, and that when he made the partial payment the knowledge had not come to him that the crops came from rented land.

Many of the objections which are raised as to the introduction of testimony and the giving of instructions in this case are answered in the cases of Darby v. Jorndt, 85 Mo. App. 274, and Matthews, Stubblefield & Co. v. Nation and Pulse, 69 Mo. App. 327.

What is said by appellant relative to the penalty and attorney fee provision of the note is not applicable here, because the verdict of the jury shows that no such element was considered or found in the verdict. Finding no reversible error in this record, and being satisfied that the verdict is for the right party we will affirm the judgment. It is so ordered. *Cox, P. J.,* and *Bradley, J.,* concur.