### WHITMER vs. FRYE.

1. Evidence of an erasure or alteration of an instrument of writing, is admissible under the plea of *non est factum*, without affidavit.

2. Where a party, by his own act, renders an instrument such that all legal remedy thereon is lost, he can not, by any other evidence, establish the covenants or promises contained in the instrument. Thus, where an instrument under which A. has received money and become bound to B., is altered by B., he can not recover of A., neither on the instrument nor for money had and received.

*Whitmer* vs. *Frye.*

## ERROR to Caldwell Circuit Court.

DUNN, *for Plaintiff, insists:*

1st. The alteration of the instrument sued on, by the plaintiff below, without the consent of the defendant below, renders it null and void.    Bla. Com. 2 vol. 308.

2d. The proof of such alteration, offered by the defendant and rejected by the Court, ought to have been received under the issue made by the plea of *non est factum.*    Starkie Ev. 2 vol. 480; Chitty Pl. 1 vol. 519.

3d. Such evidence is admissible, notwithstanding the plea is not verified by affidavit.    Mo. R. 4 vol. 238; 8 vol. 13.

STRINGFELLOW, *for Defendant, insists :*

1st. The instrument offered in evidence was properly received, its execution not being denied under oath, and the erasure or alteration upon its face will be presumed to have been made before or at the time of its execution.

2d. The proposition to show the alteration made after its execution, was properly rejected—if such evidence were admissible at all, it was only admissible under the plea of *non est factum,* and not to prevent the reading of the instrument in evidence.

3d. Under the plea of *non est factum,* evidence to show an alteration of the instrument, is inadmissible—such evidence is intended to shew that the defendant did not *execute* the instrument sued on, but another and a different one.

4th. Even admitting the Court erred on this question, still the evidence given by plaintiff below of the receipt of the money, is sufficient to sustain the verdict under the count for money had and received.

SCOTT, J., *delivered the opinion of the Court.*

This was an action of debt on a sealed instrument; the declaration contained a count on the instrument and the money counts; pleas, *non est factum* to the count on the instrument, and *nil debet* to the common money counts.

On the trial the plaintiff offered to read the instrument sued on, in evidence; the defendant objected to the instrument going in evidence, because, as he alleged, it had been altered in a material part by the plaintiff without his consent—that the instrument, as originally executed, bore twelve per cent. interest, and that it had been altered so as to bear but ten per cent.  The Court overruled the objection: the defendant then offered to prove the death of the subscribing witness, and that the instrument had been altered as above stated.  This evidence was rejected and the instrument permitted to be read to the jury.

There was some evidence of the receipt of money from the plaintiff by the defendant.

The evidence offered under the plea of *non est factum* was clearly admissible—no affidavit was necessary in order to let in the defence of the instrument having been altered by the plaintiff. When an instrument appears on its face to have been altered, the law presumes that the alteration was made before its execution—the defendant clearly had a right to show that it was made subsequently by the plaintiff, without his consent. It is plain that such a defence is allowable under the plea of *non est factum.* 2 Greenleaf 247. There is no question but that the alteration was a material one, and it is *prima facie* fraudulent.

Where a party, by his own act, renders an instrument so that it cannot be the foundation of any legal remedy, he will not be permitted to prove the covenant or promise contained in it, by any other evidence. This principle will prevent a *resort* to the common counts in order to sustain the plaintiff's right of recovery. 1 Greenleaf, 634.

The other Judges concurring, the judgment will be reversed, and the cause remanded.