RICHARD S. HOWARD *et al.*, Respondents, *v.* BRANNOCK JONES *et al.*, Appellants.

*Accord—Satisfaction—Payment.*—The giving of a promissory note is not a payment, unless it be so agreed between the parties.

*Appeal from St. Louis Land Court.*

*Lackland, Cline & Jamison,* for respondents.

*Taussig & Rombauer,* for appellants.

BATES, Judge, delivered the opinion of the court.

This is a suit by Howard & McBride, partners, for the enforcement of a mechanic's lien upon a building in St. Louis. It was brought against Jones, as a contractor for erecting the building, and " The People's Savings Institution," as the owner of it.

The claim was for furnishing and laying brick, for turning arches over coal-vaults and water-closets, and for one-half of measuring fees for the work, amounting to nine hundred and forty-seven dollars and twenty-two cents, with a credit for six hundred and three dollars and fifty-four cents, leaving a

balance of three hundred and forty-three dollars and sixty-eight cents. That for said balance Jones executed to the plaintiffs his note dated August 5, 1859, payable two months after date, which was stated to be filed to be cancelled.

The petition stated that the account accrued on the 16th day of July, 1859.

Jones answered, denying that he was indebted to the plaintiffs for $343.68 for work and labor done and material furnished as in said petition, but averred that the note mentioned in said petition was accepted by plaintiffs as a full payment and discharge of all his indebtedness on the account in the petition mentioned, and was a release of their lien on the ground and building described in the petition.

The answer of the People's Savings Institution put in issue (among other things) the plaintiffs' account as set out in the petition, and claims that the note mentioned in the petition was accepted by the plaintiffs in payment and satisfaction of all indebtedness of Jones to the plaintiffs.

The case was tried by the court, and the bill of exceptions contains all the evidence given.

The plaintiffs proved by a brick-maker that he furnished to the plaintiffs bricks at the building mentioned, but did not know how many; that he had a settlement with the plaintiffs, when they were found indebted to him three hundred and fifty-three dollars and fifty-four cents, and that the plaintiffs transferred to him the note described in the petition, and that he understood from Jones that the note was given for bricks furnished by plaintiffs for the building, and that he got the note discounted at the Mechanics' Bank, and knew no more about it. And he identified the note, (which was for $353.54, a sum different from that mentioned in the petition, but which difference all the parties seem to have disregarded.) The plaintiffs also proved that the note was protested for non-payment, and afterwards taken up by them. The plaintiffs proved the filing of their lien.

The defendants gave in evidence a receipt of plaintiffs, as follows:

"Received, St. Louis, 5th August, 1859, from Brannock Jones, his two notes of even date herewith, one payable one month after date, for the sum of three hundred and fifty-three dollars and fifty-four cents, and the other payable in two months for a like sum, being payment in full to date. $707.08.   Howard & McBride."

The defendant, "The People's Savings Institution," asked the following instructions, which were refused:

1. Plaintiffs are not entitled to recover against defendant, Jones, for the last two items charged for in their account, there being no evidence to support these parts of their claim.

2. The plaintiffs are not entitled to recover against defendant Jones, on the evidence having failed to prove either that the number of bricks charged for were delivered, or the value of the same.

3. The plaintiffs are not entitled to a judgment against the People's Savings Institution for any materials furnished or labor done, except such as were furnished and done on the 16th day of July, 1859.

4. The plaintiffs are not entitled to recover in this cause against the People's Savings Institution.

5. If the jury believe from the evidence that the plaintiffs took the note in question as payment in full for any balance then due them, and that afterwards and before the commencement of this suit the plaintiffs sold and transferred the said note to the Mechanics' Bank, and that said Mechanics' Bank remained the holder of said note till after the maturity thereof, then the plaintiffs are not entitled to recover against the People's Savings Institution.

Judgment was given for the plaintiffs on the 23d day of May, for $351.69 against Jones, and subjecting the described property to plaintiffs' lien.

Motions were made by the People's Savings Institution to set aside the verdict and grant a new trial, and to set aside and arrest the special judgment rendered.

The plaintiffs here seeking to make one person pay another's debt to them, must strictly make out their case. They

have no rights against the People's Savings Institution, other than what the strict letter of the law gives them. They have no contract with the institution and no equities against it. Their claim is in derogation of common right. In other cases similar to theirs and not provided for by special statute, the statute of frauds would require them to show the defendant's undertaking in writing; no verbal promise or admission, however solemnly made or clearly proved, would avail them. But under the mechanics' lien law the owner of property may be compelled to pay another person's debt. In order to enforce such a claim, of a character so unusual in the business intercourse of men, and so opposed to the general freedom of the citizen to make contracts and incur obligations only at his own pleasure and according to his own will, unrestrained by the interference of third persons, they must establish their right under the law with strictness. There are no presumptions in their favor.

In my opinion, the plaintiffs have given no evidence whatever of a large part of their account.

The only thing about which any evidence was given, was the furnishing of bricks. No evidence was given of the laying the bricks, nor the building of arches to vaults and water closets, nor indeed of the number or value of the bricks furnished, yet the judgment is for the full amount of their claim.

In order to charge the building (and ground) with their lien, they must prove that the materials were furnished and used in the building, and the work and labor done upon it, which was not done, and, in my opinion, the fourth instruction ought therefore to have been given. But as the other judges, constituting a majority of the court, think that there is some evidence in support of the plaintiffs' account, we cannot reverse for the refusal of that instruction.

The first and second instructions were properly refused, because Jones had in effect by his answer admitted the plaintiffs' account, and pleaded payment of it, and a general judgment could be rendered against Jones without charging the property. The third was properly refused, because the pre-

cise allegation of time in the petition was not material, if the plaintiffs were not barred by any of the limitations of law.

The fifth was properly refused, because the note, instead of being evidence of payment of the debt, was only evidence of its continuance, and there was no evidence of its acceptance as payment other than the receipt given in evidence.

Judgment affirmed. Judges Bay and Dryden concur.