F. BERTIAUX, Appellant, v. J. M. DILLON, Respondent.

20  603
50  297

### St. Louis Court of Appeals, February 9, 1886.

ACTIONS—NOTE DOES NOT EXTINGUISH ORIGINAL CAUSE.—The giving of a promissory note for the purchase price of personalty bought at auction, without a special agreement that it is given and taken in payment, will not extingiush the original cause of action, upon which there may be a recovery upon surrendering the note for cancellation at the trial.

APPEAL from the Phelps County Circuit Court, C. C. BLAND, Judge.

*Reversed and remanded.*

ROBERT MERRIWETHER, for the appellant: A note does not extinguish the original demand or cause of action, without a special agreement to that effect. *Steamboat v. Hammond*, 9 Mo. 59 ; *Same v. Lumm*, 9 Mo. 64 ; *Appleton v. Kennon*, 19 Mo. 637 ; *McMurray v. Taylor*, 30 Mo. 263 ; *Howard v. Jones*, 33 Mo. 583 ; *Powell v. Charless*, 34 Mo. 485 ; *Block v. Dorman*, 51 Mo. 31 ; *Leabo v. Goode*, 67 Mo. 126; *The Kimball*, 3 Wall. 37–46 (70 U. S. bk 18, L. Ed. 50–54).

C. D. JAMISON, for the respondent: By agreement, a promissory note, due in the future, may discharge and absolutely pay off an open account. See *Steamboat v. Hammond ; Powell v. Charless.* This is an issue for the jury. *McMurray v. Taylor*, 30 Mo. 263 ; *Powell v. Charless.*

LEWIS, P. J., delivered the opinion of the court.

On September 17, 1883, the plaintiff made a sale by auction of his personal property, upon a public announcement by the auctioneer that the terms would be : For all sums under five dollars, cash must be paid ; and that for sums over that amount, the purchaser might

give his promissory note at twelve months, with security satisfactory to the seller. The defendant bought a lot of sheep at fifty dollars and a cider press at ten dollars, and gave his note, satisfactorily secured, for sixty dollars, whereupon the articles were duly delivered to him and taken away. After the maturity of the note, the plaintiff commenced this suit before a justice of the peace, for the purchase money due on account of the sale, alleging a promise to pay the same on September 17, 1884, and a failure of payment, but making no mention of the note. The plaintiff got a judgment before the justice, from which the defendant appealed to the circuit court, where judgment was given by the court, sitting as a jury, for the defendant. In each of these trials, the plaintiff offered to surrender the note, which was refused by the defendant.

The court, of its own motion, declared the law thus:

"The court declares the law to be that if the court finds from the evidence that the note read in evidence was given by the defendant and accepted in payment of the property purchased by the defendant of plaintiff, the issues should be found for the defendant. If not so given and accepted, the issues should be found for the plaintiff."

And refused the following declarations asked for by the plaintiff:

"The court further declares the law to be that, unless there was a special agreement that the note in evidence was to be given and received as absolute payment for the property sold, the court will find for the plaintiff, though the court may find that the note was given at the time the property was sold and delivered."

"The court further declares the law to be that, if the note in evidence was given as consideration for the purchase money of the said personal property, at the time of its purchase and no special agreement was entered into that the note should be an absolute payment, then it is to be presumed that the giving of said note is only conditional payment for the property purchased."

The instruction given by the court was unobjection-able as a general proposition of law, but the court erred in refusing the qualifications asked for by the plaintiff. These qualifications have been the settled law of Missouri for forty years. In *Steamboat v. Hammond* (9 Mo. 59), it was held that: "Neither a note nor a receipt in full, without a special agreement, will extinguish the original demand." The original demand in the present instance was founded on the sale of the property, and might have been extinguished on the spot by a payment for the same in cash. But it was not so extinguished, and, therefore, remained, unless, by special agreement, it was extinguished by the note. "The taking of a prom-issory note does not extinguish an open account; upon the production of the note, a recovery may be had on the account." *McMurray v. Taylor*, 30 Mo. 263. "The giving of a promissory note is not a payment, unless it be so agreed between the parties." *Howard v. Jones*, 33 Mo. 583; *Powell v. Blow*, 34 Mo. 485; *Block v. Dor-man*, 51 Mo. 31; *Leabo v. Goode*, 67 Mo. 126. The prop-osition contained in the second refused instruction is equally sustained by Missouri decisions. "In general, by our law, unless otherwise specially agreed, the taking of a promissory note for a pre-existing debt, or a contem-poraneous consideration, is treated, *prima facie*, as a conditional payment only; that is, as payment only if it is paid at maturity." *Appleton v. Kennon*, 19 Mo. 640; *Steamboat v. Lumm*, 9 Mo. 64.

It is of no avail to argue that the terms of sale, as previously announced, evidenced a special agreement that the note should be an absolute payment, and extinguish the demand, which arose upon the sale. If this were true, it would not excuse the court's refusal to declare the issue of fact, and to declare the law thereupon, as re-quested by the plaintiff. But, aside from this, a conclu-sive answer to such an argument is found in the bill of exceptions, which plainly declares: "That at the time of the execution and delivery of said note, or at any other time, there was no special agreement, or understanding,

between the plaintiff and defendant that the said note should be received as absolute payment for the property purchased, or that the plaintiff should take the risk of the solvency of the makers." The ultimate finding, in the face of this solemn declaration, made by the same court, distinctly reverses, either the supreme court decisions, or the bill of exceptions, or both together.

The judgment is reversed, and the cause remanded. The other judges concur.