CHARLES H. HOWARD, Respondent, v. SHIRLEY & HAWKINS, Appellants.

### Kansas City Court of Appeals, May 2, 1898.

1. **Trial Practice**: PLEADING: DEPARTURE: TWO COUNTS. Where after filing a motion to strike out a count on the ground of its being a departure, the defendant files his answer, he waives his motion.

2. **Joinder of Causes of Action.** A count on a promissory note and for goods sold and delivered may be joined in the same petition.

3. **Action**: PAYMENT: NOTE: FORGERY. Unless so agreed the giving of a note is not payment and will not defeat an action on the original cause of action, and where the note is forged it does not have to be surrendered to maintain an action on the original transaction.

4. **Trial Practice**: AMENDMENT AT TRIAL: DEPARTURE. An amendment after the evidence is in to conform with the pleadings is permissible, and the amendment in this case was not a departure.

*Appeal from the Carroll Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

HALE & SON and JAMES McCANN for appellants.

(1) The original suit was founded on a note alleged to have been executed by defendants, the execution of which is denied under oath, and the court found that issue for defendant Shirley. This alleged transaction about the sale of the shingles, so far as the amended petition shows, has no connection with the note or its consideration. (2) Defendant filed a motion to strike out the second count because it was a departure and a statement of a new cause of action. If the motion had been overruled by the court, and defendant had thereupon filed an answer, it would have been deemed a waiver, perhaps, of the objection; but in this

case the court refused to act on the motion and it re-
mained in full force. If the general denial of that
count was afterward filed, it was a nullity, and was
caused by the extraordinary action of the court in re-
fusing to rule on the motion on this point. R. S. 1889,
sec. 2098; Scovill v. Glasner, 79 Mo. 449, and cases
there cited; Lumpkin v. Collier, 69 Mo. 170; Halliday
v. Jackson, 21 Mo. App. 660; Phillips v. Broughton,
30 Mo. App. 148; Sims v. Field, 24 Mo. App. 557;
Andrews v. Wood, 31 Mo. 465. (3) The second count
in the second amended petition sets up a new and dif-
ferent cause of action. (4) Defendants admit that
plaintiff could have surrendered, or offered to surren-
der the note sued on and sue on the original consid-
eration; but in this case plaintiff attempts to recover
not only on the note, but in the first and second
amended petitions to recover on the alleged original
transaction, or consideration for which the note was
alleged to have been given. This, we insist, he can not
do. He must take one horn or the other of the di-
lemma.

CHAS. R. PATTISON and JAS. L. MINNIS for re-
spondent.

(1) The second count of the second amended pe-
tition expressly states that the "note was, at the time it
was executed as aforesaid, and now is for a balance due
this plaintiff for one hundred and forty thousand cedar
or red shingles sold and delivered by this plaintiff to
said firm of Shirley & Hawkins." The court below
found that the above recital was true, as its judgment
on that count was for respondent. The next question
is where a suit is based upon a promissory note and for
any reason the note is invalid, can the plaintiff amend
his petition by setting up a cause of action based upon

the transaction to close which the note was given, and which formed the consideration of the note? (2) Appellant can not now avail himself of his second objection, for the reason that he filed his answer to the second count of the first amended petition, and thereby waived any objections that might have been made to the petition on account of the alleged new and different cause of action set up therein. Spurlock v. R. R., 93 Mo. 530; Scovill v. Glasner, 79 Mo. 449; Holt Co. v. Cannon, 114 Mo. 514. Besides appellant went to trial on the issue raised by his answer to the amended petition. R. S. 1889, sec. 2013; Spurlock v. R. R., 93 Mo. 530; Kronski v. R. R., 77 Mo. 362; Rippstein v. Ins. Co., 57 Mo. 86; Delinger's Adm'r v. Higgins, 26 Mo. 180; Tower v. Moore, 52 Mo. 120; Baker v. R. R., 107 Mo. 230–239; Coleman v. Farrar, 112 Mo. 56; Smiley v. Cockrell, 92 Mo. 106; Barnes v. McMullins, 78 Mo. 260–277. (3) It was the duty of the court to permit the filing of the second count of the second amended petition during the trial in order to conform the allegations of the petition to the proof; and, if appellant was not ready to meet the same, he should have applied for a continuance or made an affidavit of surprise. McMurry v. Martin, 26 Mo. App. 437; Newman v. Kenton, 79 Mo. 382; Collins v. Glass, 46 Mo. App. 297; Wetzell & Griffith v. Wagoner, 41 Mo. App. 509. (4) Aside from appellant's waiving his right to object to the amended petitions, and his appearance thereto, neither of the amended petitions set up a different cause of action from that set forth in the original petition. All the petitions sought to recover the same debt. Corrigan & Waters v. Brady, 38 Mo. App. 649; Robertson v. R'y, 21 Mo. App. 633; R. S. 1889, sec. 2098. No question of the surrender of the note was raised on the trial by instruction or otherwise, or in

the motion for a new trial, or in arrest of judgment, and, therefore, can not be raised here.

ELLISON, J.—This action is based on a petition containing two counts, the first on a promissory note and the second on an account for goods, wares and merchandise sold by plaintiff to defendants. The judgment below was for plaintiff on the second count. Defendant Shirley appeals.

It appears that defendants were partners and while the partnership existed bought lumber of plaintiff. After the partnership was dissolved defendant Hawkins executed the note in suit to plaintiff in the partnership name for the amount due. The suit was originally on the note alone. Defendant Shirley answered denying the execution of the note under oath.

STATEMENT.

Plaintiff thereupon filed his amended petition by adding a second count thereto based on a contract whereby they delivered to defendants one hundred and forty thousand shingles part of the value of $3.20 per thousand and part of the value of $3.10 which defendants were to sell on commission of one half the profit, which latter sum with the value of the shingles amounting to $206.56 was to be paid to plaintiff. Defendant Shirley filed a general denial to said second count. After the cause had been heard by the court without a jury, but before a decision thereon, plaintiff filed his second amended petition, wherein he stated that the consideration of the note in the first count was for the sale of one hundred and forty thousand shingles by plaintiff to defendants at an average price of $3.15 per thousand and one half of the profits defendants might make in resale of the shingles. That said sums amounted to $206.56, for which judgment was asked.

There was a motion by defendant Shirley to strike

out the second count of the first amended petition as being a departure and a statement of a

TRIAL practice: pleadings: departure: two counts.

new cause of action. It is stated that the court refused to rule on the motion. The refusal was perhaps grounded on the fact that the motion was not called up until after beginning of the trial on the answer filed. Filing an answer was a waiver of the motion to strike out. But aside from an abandonment of the motion to strike out, there was no merit in the motion. A count on a promissory note and a count on an account for goods sold and delivered may be joined in the same petition.

Although it does not appear from the petition itself, yet in point of fact the second count is based on the transaction which resulted in

ACTION: payment: note: forgery.

the execution of the note and was the consideration therefor, and was doubtless caused by defendant Shirley denying the execution of the note. It is well recognized law that unless a note is taken in settlement and discharge of an account, the latter is not liquidated and may be sued upon; it being usual in such cases to surrender the note. But if the note is not a valid instrument, as if it was forged, or for other reasons was not the note of the party sued it could not affect the account or other consideration of the note. That would remain a cause of action to the creditor. For the purpose of considering the question here, we must assume the note was not defendant Shirley's obligation, having been executed for him by his former partner without authority and so the court found. The consideration for the note was undoubtedly a partnership liability, a liability therefore of defendant Shirley. We can, in no aspect of the case, agree with defendant's criticism of the court's action in the premises.

The second amended petition, filed after the cause was heard, was doubtless made to conform to the proof. It consisted in amending the second count in the manner above stated. It was not a departure from .the original cause of action stated in the second count. It involved the same transaction. The only difference in the two consists in the first alleging a delivery of the shingles at a value, to be sold by defendants, the value and half the profits to be paid to plaintiff, while the second charged the delivery to defendants to be a sale to them at that value. It was properly allowed.

*TRIAL practice: amendment at trial: departure.*

We think the judgment for the right party and it is affirmed. All concur.