HOLLAND et al. v. RONGEY, Appellant.

Division Two, March 28, 1902.

1. **Debt:** SATISFACTION BY NOTE. Where a party gives his own note for his own debt, it can not be said to be a satisfaction of the debt unless it is expressly so stipulated between the maker and payee of the note, and in the absence of such express agreement an action may be maintained on the account or demand upon a surrender of the note.

2. ———: ———: JUDGMENT ON THE NOTE: HOMESTEAD. And the fact that a note was executed in settlement of an account and judgment was thereafter rendered on the note instead of on the account, did not have the effect of changing the time of creating the debt to be the date of the execution of the note. So that if the debtor did not occupy the land which he claims as a homestead and record his deed thereto until after the debt was made, although he did before the note was executed, the land will be subject to sale under an execution issued on the judgment rendered on the note.

Appeal from Carter Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*Munger & Munger* for appellant.

(1) The note, which was the basis of the original suit herein, was executed with the mutual understanding between the parties that it was to satisfy and pay off the account theretofore run by appellant at the store of respondents, and it had that effect. Jackson v. Bowles, 67 Mo. 609; Riggs v. Goodrich, 74 Mo. 108; Rice v. Dudley, 34 Mo. App. 383; O'Bryan v. Jones, 38 Mo. App. 90. Therefore, appellant was entitled to his homestead in all of the Tabor tract and the court erred materially in refusing to so declare the law. (2) This note

was a new contract as completely as though it had been the
original and only transaction between these parties, supported
by the increased rate of interest which it bore over the account.
(3) Respondents admit that the note was intended to and did
pay off the book account; hence, the finding of the court is
against the confessed facts.   (4) If the note was made with-
out any understanding that it was to pay off the account,
respondents had the right to surrender the note and sue on the
account (O'Bryan v. Jones, 38 Mo. App. 90), thus saving
their lien on appellant's homestead and losing the interest on
the note, or of suing on the note, taking judgment for the in-
terest, but losing their lien.   They have elected to take the
benefits of the new contract and must bear the burdens inci-
dent thereto.

*Daniel Huett* and *John C. Brown* for respondents.

(1) The court did not err in giving judgment for plain-
tiff.   Bartels v. Kinnenger, 144 Mo. 370; Tennant v. Priest,
94 Mo. 145; sec. 3623, R. S. 1899.   (2) There was as much
evidence to prove that the giving of the note by appellant did
not pay off the account as there was that the giving of the note
did pay the account; therefore, the finding should not be dis-
turbed.   Albert v. Seiler, 31 Mo. App. 247; Longuemare v.
Busby, 56 Mo. 540; Foundry v. McCann, 68 Mo. 68.   (3) A
homestead will be subject to execution upon all causes of action
existing at the time of acquiring such homestead," etc., "and
for this purpose such time shall be the date of filing in the
proper office for the records of deeds, the deed of such home-
stead", etc.   Sec. 3623, R. S. 1899; Tennant v. Priest, supra;
Bartels v. Kinnenger, supra.

BURGESS, J.—This is an action in ejectment for the
possession of the northwest quarter and the northeast quarter,

and the west half of lot two of the northeast quarter, of section five, township twenty-five, of range one, in Carter county.

The petition is in the usual form. Defendant in his answer to the petition denied the ownership or possession of the west half of the northwest quarter, and the northeast quarter, and the west half of lot two of the northeast quarter of section five, township twenty-five of range one, but admitted that he was and had been for the last six years the owner of the remainder of the land described in the petition, and averred that he was the head of a family during all that time and prior thereto, and resided upon the remainder of said land as aforesaid with his family and occupied it as a homestead. The case was tried by the court, a jury being waived. There was judgment for plaintiff for the possession of all the land sued for, from which defendant, after unavailing motion for a new trial, appeals.

On March 15, 1893, defendant, who was then and ever since has been the head of a family, purchased from Malinda Tabor and others, the southeast quarter of the northwest quarter and the southeast quarter, of section five, township twenty-five of range one, and placed for record in the recorder's office of Carter county the deed to him therefor on May 30, 1893, and from the time of his purchase occupied the land with his family as a homestead. On October 3, 1894, defendant bought at sheriff's sale the northeast quarter of the southwest quarter of the same section, township and range, and received a sheriff's deed therefor, which he also had recorded in the recorder's office of said county on October 30, 1894. This tract has also been occupied by defendant and his family since shortly after his purchase.

Sometime prior to May 15, 1893, defendant become indebted to plaintiffs on open account which amounted upon settlement between them on that day to the sum of $252.98, and on January 17, 1894, defendant executed his note to plaintiffs for that sum payable twelve months after date. On Octo-

ber 6, 1896, plaintiffs recovered judgment in the circuit court of Carter county against defendant on said note, upon which said judgment execution was duly issued, and the land involved in this litigation sold on April 6, 1898, at which said sale plaintiffs became the purchasers for said land, and thereafter on the same day received a sheriff's deed therefor.

Defendant's first contention is that the note upon which the judgment was rendered under which plaintiffs claim title, was executed with the mutual understanding between the parties thereto that it was to satisfy and pay off the account, and that it had that effect. Where a party gives his own note for his own debt, and it is expressly stipulated between the holder of the note and the payer that it is to be in satisfaction of the debt, it is an accord and satisfaction of the original cause of action, but in the absence of an express agreement to that effect it is not, and if not paid an action may be maintained on the account or demand upon the surrender of the note. But the evidence does not show or tend to show any such agreement in this case. In the case of McMurray v. Taylor, 30 Mo. 263, it was held that the acceptance of the debtor's note for the amount due on an open account, and receipting for it, as taken in settlement of the account, did not constitute such evidence of payment as warranted the submission of the case to the jury. [Doebling v. Loos, 45 Mo. 150.]

The fact that the note was executed in settlement of the account, and that judgment was thereafter rendered upon the note instead of the account, did not have the effect of changing the time of creating the debt to that of the execution of the note or the rendition of the judgment, any more than it would have done, if judgment had been rendered upon the account, and it will hardly be contended under such circumstances that the debt accrued when the judgment was rendered, and not when the account become due.

Therefore, as the debt accrued before the deeds to the land claimed by defendant as a homestead were recorded, it

was subject to execution and sale under the judgment (section 5441, Revised Statutes 1889) and plaintiffs acquired the title thereto through the sheriff's sale under it.

Finding no reversible error in the record we affirm the judgment.

All concur.