McCORMACK HARVESTING MACHINE COMPANY, Respondent, v. JOSEPH H. BLAIR, Appellant.

St. Louis Court of Appeals, January 4, 1910.

1. **BILLS AND NOTES:** Effect of Giving Note for Pre-existing Debt. While the giving of a note for a pre-existing debt suspends the right to sue upon the indebtedness, without producing the note at the trial for cancellation, or accounting for its non-production, the note does not wholly extinguish the indebtedness, in the absence of an express agreement to that effect.

2. ———: ———: Burden of Proof. The burden is upon one seeking to defeat a recovery on the original indebtedness to show that the parties expressly agreed that the indebtedness should be discharged by the giving of a note.

3. ———: Effect of Alteration: Action for Original Debt. Unless an alteration of a note given for goods sold was fraudulently made, the seller could sue in assumpsit for the value of the goods, though the alteration invalidated the note so as to prevent an action thereon.

4. ACTIONS: Joinder of Count for Goods Sold with Count on Promissory Note Given for Purchase Price. A count in assumpsit for goods sold may be joined with a count on a promissory note given for the goods, claimed to have been invalidated by alteration, since if judgment is for plaintiff on the note, it should go for defendant on the count on the debt, and vice versa.

5. ———: ———: Recovery on Assumpsit Count: Cancellation of Note. In an action in which a count for goods sold was joined with one on a note given for the goods, the direction of a verdict, at plaintiff's request, for defendant on the latter count, before allowing a recovery on the first count, cancelled defendant's obligation on the notes, and sufficiently protected him.

6. JUDGMENTS: Res Judicata. In an action in which a count for goods sold was joined with one on a note given for the goods, a judgment rendered on a verdict for defendant, at plaintiff's request, on the latter count is res adjudicata as to plaintiff's right to recover on the note.

7. BILLS AND NOTES: Immaterial Alteration Avoids. Even an immaterial alteration of a note by the holder without authority, avoids it.

8. ———: Alteration of Note: Material Alteration. The alteration of a note without the maker's knowledge, so as to require the payment of interest from date, instead of from maturity, is a material alteration which would prevent its enforcement.

9. ———: ———: Alteration Prima Facie Fraudulent. Every material alteration of a promissory note is prima facie fraudulent.

10. ———: Assumpsit: Effect of Alteration of Note Given for Purchase Price: Fraudulent Intent Question for Jury. In an action in which a count for goods sold was joined with one on a note given for the goods, where there was evidence the note had been materially altered, it was a question for the jury to determine whether it had been altered without plaintiff's consent, and if so whether such alteration was designedly done with fraudulent intent, for if this were true, it would defeat a recovery on the assumpsit count.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED AND REMANDED.

*J. H. Blair* for appellant.

(1) The court erred in admitting evidence in behalf of the plaintiff, the notes sued on, as their alteration was not explained. Kelley v. Thuey, 143 Mo. 422; Land Co. v. Tie Co., 89 Mo. App. 556. (2) The court erred in overruling defendant's objection to the witness, Gordon, testifying as to exhibits A and B that was properly testimony in chief. (3) The court erred in refusing to give the instruction asked by defendant. (4) The court erred in giving the instruction asked by plaintiff, peremptorily instructing the jury to find for the plaintiff on the third count of the petition. Mosely v. Commission Co., 91 Mo. App. 500. (a) It was for the jury to say whether the notes, as they were executed, were given and accepted in payment of the account or not. There was testimony that J. E. Gibbs, plaintiff's local agent, at the time the discussion of their execution was being had, offered to take the notes and pay the plaintiff cash for them. Steamboat v. Hammond, 9 Mo. 58. (b) Plaintiff sued on both the notes, and account for the purchase price of the binder. He could not sue on the account until he returned or offered to return the notes to defendant for cancellation. This he did not do. Holland v. Rongey, 168 Mo. 16; Steamboat v. Lumm, 9 Mo. 63; Flynt v. Railroad, 38 Mo. App. 90; Schepflin v. Dessar, 29 Mo. App. 569; Bertiaux v. Dillon, 20 Mo. App. 603. The notes sued on were altered with the intention of defrauding the defendant. Every rational man is presumed to intend the natural or probable consequence of his acts. Hall v. Goodnight, 138 Mo. 576. In this State any unauthorized alteration of a note is material, hence in the case at bar both a material and

a fraudulent alteration is charged, either of which if true, not only avoided the notes, but worked a forfeiture of the debt for which they were executed, and no recovery can be had in any form of action. The law will not allow any one to take the chances of gain by fraudulently altering a note without the risk of loss in the event of detection. 2 Am. and Eng. Ency. Law (2 Ed.), pp. 187, 200, 202, and notes, citing with other authorities, Whitmer v. Frye, 10 Mo. 349; Tiedeman on Bills and Notes, sec. 150; Dan. Neg. Inst., sec. 1410a; Lawson on Cont., sec. 433; Newell v. Mayberry, 3 Leigh 250; Martindale v. Follet, 1 N. H. 95; Smith v. Mace, 44 N. H. 553; Plow Co. v. Campbell, 35 Neb. 173; Bigelow v. Stilphen, 35 Vt. 521; Waring v. Smith, 2 Barb., ch. 119; Wardner v. Willyard, 46 Minn. 531. (4) Under the evidence, the issue as to the alteration of the notes should have been submitted to the jury. Sweitzer v. Banking Co., 76 Mo. App. 1; Building Assn. v. Fitzmaurice, 7 Mo. App. 283; Paramore v. Lindsey, 63 Mo. 63; State v. Goddard, 40 Mo. 464; McCormick v. Fitzmorris, 39 Mo. 24. (5) The court erred in entering a judgment for the sum of $71.71 1-2, the amount awarded by the jury, after the plaintiff had remitted 1 1-2 cents of the amount found by the jury.

*R. L. Motley* for respondent.

Unless it was expressly agreed between the parties that the giving of the notes was to be taken as a payment and satisfaction of the account or original cause of action, then said notes did not operate as an extinguishment or liquidation of said cause of action. Bertiaux v. Dillon, 20 Mo. App. 603; Holland v. Rongey, 168 Mo. 16; McMurray v. Taylor, 30 Mo. 263; Howard v. Jones, 33 Mo. 583; Powell v. Blow, 34 Mo. 485; Block v. Dorman, 51 Mo. 31; Leabo v. Good, 67 Mo. 126; Commisky v. McPike, 20 Mo. App. 82. Plaintiff properly joined in its petition the counts on the two notes and on the

account for the balance due on the purchase price of the machine. Howard v. Shirley & Hawkins, 75 Mo. App. 150.

NORTONI, J.—In this case the petition contains three counts. The first two declare upon promissory notes and the third declares in assumpsit for an amount alleged to be due for a harvesting machine sold to the defendant. The indebtedness sued for in the third count is for the same consideration as that represented by the two promissory notes declared upon in the first and second counts. The defendant admitted having purchased the harvesting machine mentioned in the third count and the original indebtedness therefor, but pleaded that he had executed the promissory notes declared upon in the first and second counts for that indebtedness. He pleaded, too, that after the execution of the notes, the defendant had materially altered the same and that such alteration operated to discharge him from all liability. Upon the conclusion of the evidence, at the request of plaintiff, the court peremptorily directed the jury to return a verdict for the defendant on the first and second counts of the petition; that is, on the notes, and likewise, peremptorily directed a verdict for the plaintiff on the third count; that is, on the count for goods sold and delivered. The jury returned a verdict in accordance with the directions of the court and the defendant prosecutes the appeal.

It appears the defendant purchased a harvesting machine from the plaintiff in the summer of 1902 at the agreed price of one hundred and five dollars. A few months thereafter he executed to the plaintiff his three promissory notes for thirty-five dollars each to cover the indebtedness contracted in purchasing the machine. The first note fell due September 1, 1903; the second note, September 1, 1904, and the third note, September 1, 1905. Although all the notes were actually executed in October, 1902, they were dated June 23rd of that

year at Bowling Green, Missouri. The first note was paid when due and the other two are involved here. The testimony on the part of the defendant tends to prove that none of the notes mentioned were to draw interest prior to maturity; that is to say, each and all of them were to draw interest at six per cent per. annum from and after the date of maturity and that plaintiff's agent, without defendant's knowledge or consent, changed or altered the same in this respect, after their execution and delivery to defendant, by the insertion of certain words so as to make them draw interest at six per cent from and after date instead of from maturity. Upon paying the first note, the defendant discovered the alteration and refused to pay the others. If the notes were altered at all, the alteration was made by the plaintiff's agent who had charge of its notes and collections, for there is evidence that the words inserted are in his handwriting. The evidence on the part of plaintiff tended to prove the writing therein was done prior to execution and that there was no alteration.

It is argued that as the court directed a verdict for the defendant on the first two counts of the petition—that is, on the notes—there can be no recovery on the third count for the reason the indebtedness therein sued for was extinguished by the notes. The law is well settled to the effect that the giving of a promissory note for a pre-existing debt does not operate to extinguish the indebtedness for which the note is given without a special or express contract imparting to the transaction that effect. It is true the giving of the note in such circumstances suspends the right to sue upon the indebtedness during the time the note has to run and it is treated as a payment thereof to the extent that the party to whom the note has been given cannot recover upon the original cause of action without producing the note on the trial for cancellation or properly accounting for its non-production. But in the absence of an express agreement to that effect, the note does not operate

to extinguish the indebtedness. [Howard v. Jones, 33 Mo. 583; Howard & Shirley v. Hawkins, 75 Mo. App. 150; Steamboat Charlotte v. Lumm, 9 Mo. 63; Bertiaux v. Dillon, 20 Mo. App. 603; Schepflin v. Dessar, 20 Mo. App. 569; McMurray v. Taylor, 30 Mo. 263; Holland v. Rongey, 168 Mo. 16, 67 S. W. 568; O'Bryan v. Jones, 38 Mo. App. 90.]

. When it is sought to defeat a recovery in assumpsit for the original consideration by showing the indebtedness was discharged or extinguished through the giving of the note, the burden is, of course, on the defendant to show an express agreement to that effect. [McMurray v. Taylor, 30 Mo. 263.]

There is not a word of testimony in the present record tending to show any such special agreement between the parties. It appears only that defendant purchased the machine from the plaintiff at the agreed price of one hundred and five dollars in the early summer of 1902 and executed his three several notes therefor for thirty-five dollars each, later in the fall. The notes were ante-dated to June 23, 1902, and fell due at the various dates hereinbefore stated. The defendant paid the first when due and says upon discovering that the plaintiff had altered the same, declined to pay the others for that reason. In the absence of an express agreement to the effect that the notes were given in liquidation of, or to extinguish, the original indebtedness, the suit may be maintained in assumpsit on the third count for the price of the machinery on the original consideration unless the alteration in the notes was fraudulent, in which event, we believe, the plaintiff, by his own act, forfeited the right of a recovery on the original consideration.

But it is said the law requires the plaintiff to deliver the notes as for cancellation before it may sue in assumpsit on the original consideration, and, therefore, no recovery should be allowed on the third count. The argument is that by suing upon the notes, the plaintiff instead of delivering them up for cancellation is seeking

their enforcement. There can be no doubt that a count in assumpsit for goods sold and delivered may be joined with a count on a promissory note and it seems to be the practice in cases of the character here involved to permit the suit to proceed on the note in a separate count and the original cause of action in another. Of course, in those circumstances each cause of action asserted in the separate counts arises out of the original consideration and the law will only permit one recovery for the same indebtedness, therefore, if the recovery is allowed on the notes, a judgment should always be given against the assertion of the indebtedness on the original consideration, and *vice versa,* if the recovery is allowed on the count in assumpsit, the judgment should go against the notes. If a recovery is had on the notes and there is a verdict for the defendant on the count seeking a recovery on the original consideration, then no harm has befallen the plaintiff. On the other hand, if the recovery is allowed on the count for the original indebtedness and against the assertion of the notes, the notes are thus effectually cancelled and discharged and it seems the requirements of the law in this behalf are sufficiently met and complied with. We find numerous cases in the books indicating the doctrine referred to: In the early case of Whitmer v. Frye, 10 Mo. 348, the declaration, besides containing a count on the instrument, contained as well a separate common money count on the original consideration. See also Howard & Shirley v. Hawkins, 75 Mo. App. 150, and Martendale v. Follet, 1 N. H. 95, where the point is expressly ruled.

It appearing that the court peremptorily directed a verdict for the defendant at the plaintiff's request on the notes declared upon in the first and second counts of the petition before a recovery was allowed on the · original consideration sued for in the third count, this sufficiently operated to effectually cancel and discharge the obligation of the notes. The requirements of the law and the ends of justice were thereby fully met and

satisfied.  See authorities supra.  In this connection, it should be said here that in the event of another trial, the case should proceed only on the third count of the petition, as by the judgment given at the plaintiff's instance in requesting a verdict for the defendant on the notes, the right to further assert the notes as valid obligations has passed into the realm of *res adjudicata.* The plaintiff is bound by that judgment as it invited it and abides the result without appeal.

As to the action of the court in peremptorily directing a verdict for the plaintiff on the third count of the petition: This we believe to have been error for which the judgment should be reversed.  There was evidence tending to prove that the defendant's agent having charge of its notes and collections altered the notes in suit after their execution and without the knowledge or consent of the defendant maker thereof so as to change their legal effect, that is to say, that he wrote certain words therein which operated to change the contract from one requiring interest payable at six per cent at maturity to require such interest to be paid from date.  Such constituted a material alteration of the notes.  [Washington Savings Bank v. Ecky, 51 Mo. 272; McMurtrey v. Sparks, 71 Mo. App. 126.]  Such an alteration as that referred to under the circumstances stated, would operate to defeat the enforcement of the instrument altered in every jurisdiction with which we are familiar.  However, in this State, it seems that any alteration made in a negotiable promissory note by one claiming thereunder without the knowledge and consent of the other renders the same unenforcible.  The doctrine in Missouri seems to be different from that which obtains generally throughout other jurisdictions.  There was at one time a considerable conflict in this jurisdiction on the question of the effect of immaterial alterations.  But this no longer obtains.  The courts have in a number of cases expressed their approval of the rule that even an immaterial alteration of a writing

made therein without authority by the person claiming thereunder avoids the instrument. In Haskell v. Champion, 30 Mo. 136, Judge Scott, in delivering the opinion of the court, said:

"The law, in dealing with the subject of the alteration of written instruments, looks further than to the materiality or immateriality of the alteration. Aware of the danger of countenancing the most trifling change, it has not permitted those entrusted with such instruments to alter them and afterwards defend their conduct by alleging the immateriality of the alteration."

In that case the alteration consisted of the addition of the words "& Co." to the name of the maker of the note. In Evans v. Foreman, 60 Mo. 449, the doctrine that even an immaterial alteration in an instrument avoids it seems to be favored but in that case it was not pretended that the alteration which consisted of the addition of the words, "after due 10 per cent" was immaterial. In the case of Western Building Assn. v. Fitzmaurice, 7 Mo. App. 283, this court pointedly held that an immaterial alteration of a bond did not have the effect of discharging the surety. Lewis, P. J., in delivering the opinion, reviews the two cases cited above and arrives at the conclusion that the expressions of the judges therein favorable to the stricter rule are mere *dicta* and refers to the case of State v. Dean, 40 Mo. 464, as a case where the question was directly before the Supreme Court. In this last cited case, the name of the claimant mentioned in an indemnifying bond had been altered from "Francis" to "Franklin" and it was held that the alteration was immaterial and therefore did not avoid the instrument as to principal or surety. But in the still later case of Springfield First National Bank v. Frick, 75 Mo. 178, where the alteration was said to be palpably material, it was said that the remarks of Scott, J., quoted above, could not, considering that it was contended that the added words were material, be regarded as mere *obiter* since they were neces-

sary to a proper determination of the case in all its aspects. While expressly holding that the alteration in that case was material, the rule that a written contract is avoided by an immaterial alteration is strongly favored. And there are a number of other cases which contain *dicta* favoring the rule that an immaterial alteration will have this effect, however innocently it may have been made. [See German Bank v. Dunn, 62 Mo. 79; Moore v. Hutchinson, 69 Mo. 429; Morrison v. Garth, 78 Mo. 434; Moore v. Macon Savings Bank, 22 Mo. App. 684; Allen v. Dornan, 57 Mo. App. 288.] As a result of the reasoning in the above cases, after more or less conflict, the doctrine is now finally settled in this State in accordance with the view that any alteration, whether material or not, will operate to defeat the enforcement of the obligation of the instrument altered. [Hord v. Taubman, 79 Mo. 101; Bank v. Bosserman, 52 Mo. App. 269.] In those states where the distinction obtains between material and immaterial alterations to the extent that only material alterations will defeat the enforcement of the obligation, it is wholly immaterial as to what the motive was, if the alteration is material. In the event a material alteration is made, the law denounces the act and refuses its aid to enforce the instrument even though no actual fraud was intended. However, the fraudulent intent becomes material even in those jurisdictions when it is sought to enforce the original indebtedness which affords the consideration for the subsequently altered instruments. [2 Am. and Eng. Ency. Law (2 Ed.), 186, 187.] The rule which generally obtains is to the effect that although a material alteration of a written instrument may avoid the same, it does not necessarily prevent a recovery by the person entitled thereto on the original consideration. [2 Am. and Eng. Ency. Law (2 Ed.), 200.] This rule is sound and just and we believe it should find appropriate application here, for unless there was fraud in the alteration, the party ought not to lose his right to recover

on the original consideration. In other words, an alteration of an instrument innocently made which in some instances will defeat a recovery on the instrument ought not, in and of itself, defeat a recovery on the original consideration. The law denounces the act and refuses a recovery in every case to the end of preserving the sanctity of the instrument. However, where no fraudulent intent intervenes, we believe the original consideration ought not to become contaminated as a result of an innocent act so as to defeat its enforcement. It is true in this and every other case where the alteration is material, it is prima facie fraudulent. [Whitmer v. Frye, 10 Mo. 349; 2 Am. and Eng. Ency. Law (2 Ed.), 185, 186.]

.Notwithstanding the alleged alteration was prima facie fraudulent, the court peremptorily directed a verdict for the plaintiff on the third count to the extent of the original indebtedness for which the notes were given as though the original consideration were not inoculated or infected by the fraudulent act of the plaintiff in materially altering the notes. This was error under the established rule of law. It is true that plaintiff is entitled to recover on the third count even though the instruments were altered if there was no fraudulent purpose or intent in such alteration but if the notes were designedly changed with a fraudulent purpose, then, as a result of such misconduct, the law not only forbids a recovery on the notes but denies relief on the original consideration as well. The doctrine is thus succinctly stated in 2 Am. and Eng. Ency. Law (2 Ed.), 200:

"The right to such recovery is dependent on whether the alteration was innocently made, without any intent to defraud, or was made for a fraudulent purpose. Where a written instrument is altered without any fraudulent intent, although the writing is

avoided, the promisee may recover upon the original consideration."

Again in the same treatise, vol. 2, p. 202, the rule is thus stated:

"Where the holder of a written security, or evidence of debt, has, with intent to defraud his debtor, altered the instrument in a material respect, no recovery can be had on the original consideration. Hence a fraudulent, as well as material, alteration of a promissory note by the payee will prevent him from recovering on either the note or the original consideration." See also: Trow v. Glen Cove Starch Co., 1 Daly (N. Y.) 280; White v. Hass, 32 Ala. 430, 70 Am. Dec. 548; Toomer v. Rutland, 57 Ala. 379, 29 Am. Rep. 722; Green v. Sneed, 101 Ala. 205, citing 1 Am. and Eng. Ency. Law (1 Ed.), 520; Black v. Bowman, 15 Ill. App. 166; Wallace v. Wallace, 8 Ill. App. 69; Ballard v. Franklin L. Ins. Co., 81 Ind. 239; Warder, etc., Co. v. Willyard, 46 Minn. 531; Smith v. Mace, 44 N. H. 553; Booth v. Powers, 56 N. Y. 22; Kennedy v. Crandell, 3 Lans. (N. Y.) 1; Blade v. Noland, 12 Wend. (N. Y.) 173, 27 Am. Dec. 126; Clute v. Small, 17 Wend. (N. Y.) 238.

The only authority we have been able to find in this State on the precise question here presented is Whitmer v. Frye, 10 Mo. 348. In that case it is said:

"Where a party, by his own act, renders an instrument so that it cannot be the foundation of any legal remedy, he will not be permitted to prove the covenant or promise contained in it by any other evidence. This principle will prevent a *resort* to the common counts in order to sustain the plaintiff's right of recovery." [1 Greenleaf, 634.]

From a casual reading of this case, it would seem to indicate that the principle forbids a recovery on the original consideration asserted in the common counts even though the alteration were not fraudulently made, but upon a close study of the opinion, we believe the court had in mind and asserted the doctrine which ob-

tains in every other jurisdiction so far as we have been able to ascertain—that a recovery may not be had on the original consideration where there was fraud in altering the instrument. It appears in the opinion referred to that the alteration was there declared to be prima facie fraudulent and no doubt the court had this fact in mind when stating the principle in the language above quoted.

By reference to the authorities cited by the Supreme Court for the doctrine there asserted, it is obvious that no variation from the principle which generally obtains was intended. 1 Greenleaf, 634, Edition of 1842, is the only authority cited. By reference to that authority it appears that Professor Greenleaf states the doctrine precisely as stated in the excerpt from 2 Am. and Eng. Ency. Law (2 Ed.), 200; that is to say, it is only where it appears the alteration was made with a fraudulent design no recovery can be had on the original consideration. Then, too, upon an examination of the authorities cited by Professor Greenleaf, to support the doctrine, the principle is fully illustrated and applied. See Martendale v. Follet, 1 N. H. 95, and Newell v. Mayberry, 3 Leigh (Va.) 250. Instead of instructing a verdict for the plaintiff on the third count, the court should have submitted the question as to whether or not the notes were altered by the plaintiff after execution without the defendants' consent and if so, whether such alteration was designedly done with a fraudulent intent. In the event the jury finds the alteration to be fraudulent, then a recovery should be denied on the original consideration, otherwise, it may be allowed on that count in the petition.

For the error referred to, the judgment will be reversed and the cause remanded. It is so ordered. All concur.