AMERICAN LAW BOOK COMPANY, Respondent,
v. SAM J. CORBETT, Appellant.'

St. Louis Court of Appeals, December 5, 1911.

1. **ASSUMPSIT: Bills and Notes: Surrendering Note and Suing on Original Consideration.** The mere fact that a note has been given and received on the same consideration for which a suit is prosecuted in assumpsit is immaterial, where the plaintiff surrenders the note for cancellation at the trial, unless an express agreement that such note was given in payment of the debt is shown.

2. ———: ———: ———: **Burden of Proof.** The burden of showing an express agreement that a note was given in payment of the original consideration therefor, and not merely as security, so as to prevent an action in assumpsit on the original consideration, is upon the one asserting it.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*McKay & Corbett* for appellant.

(1) One can not state one cause of action in his petition and recover upon another. Link v. Vaughn 17 Mo. 585; Hubbard v. Railroad, 63 Mo. 68; Boon v. Stover, 66 Mo. 430; Clements v. Yeates, 69 Mo. 623; Carson v. Cummings, 69 Mo. 325; Weil v. Poston, 77 Mo. 284; Summers v. Rogers, 90 Mo. 324; Huston v. Tyler, 140 Mo. 264. (2) And the facts constituting the cause of action must be stated as they actually exist. Link v. Vaughn, 17 Mo. 585; Horine v. Boone, 69 Mo. App. 481; Pier v. Heinrichoffen, 52 Mo. 333; Sandeen v. Railroad, 79 Mo. 278.

*Arthur L. Oliver* for respondent.

Where a note is taken on a conditional sale as security for the price, and not as an absolute pay-

ment, the creditor may, upon its dishonor, produce it or tender it in open court, and sue upon the original indebtedness. Harvesting Co. v. Blair, 146 Mo. App. 378; The Charlotte v. Lumm, 9 Mo. 64; O'Bryan v. Jones, 38 Mo. App. 90; Salamon v. Pioneer Co., 21 Fla. 374; Bldg. Co. v. Montrose Butter, 59 Ill. App. 573; Owen v. Hall, 70 Md. 97; Reehl v. Martens, 40 N. Y. App. Div. 231.

NORTONI, J.—This is a suit on account which originated before a justice of the peace. It found its way into the circuit court by appeal, where plaintiff had judgment, from which defendant prosecutes the appeal.

A jury was waived and the case tried by the court. The only point for consideration here relates to the fact that defendant had executed several promissory notes to plaintiff at the time he purchased the books involved and that this suit proceeds in *assumpsit* on account instead of on such notes. It appears that on January 18, 1907, defendant entered into a written contract with plaintiff, whereby he purchased twenty-three volumes of the Encyclopedia of Law & Procedure from plaintiff and agreed to accept subsequent volumes of that publication, which, in all, should not exceed forty in number, at $6.50 per volume. He agreed, too, to accept from plaintiff the 1907 volume of Annual Annotations thereto and pay therefor $6.50. At the time of the purchase, defendant paid thereon the sum of $10.90 in cash and executed to plaintiff his thirty-nine promissory notes of $6.50 each, which fell due one each month thereafter until thirty-nine months had expired. Plaintiff thereupon delivered to defendant the twenty-three volumes of the Encyclopedia of Law & Procedure published, and made other deliveries thereof to defendant as the volumes were made, until he received in all twenty-seven volumes of the work. Defendant paid several of the $6.50 notes as they fell due

until he had paid in all $50.10, including the $10.90 cash paid at the time the purchase was made. At the time this suit was instituted, several of defendant's notes so given by him were overdue and unpaid and had been for more than thirty days theretofore. The entire amount of indebtedness accrued against defendant under the contract for volumes received was $185, on which he had paid, as before stated, $50.10. The contract by which defendant purchased the books stipulated that if he should make default in the payment of any one of the notes and such default should continue for thirty days, then the entire indebtedness to plaintiff should become immediately due and payable. As before stated, this suit proceeds on the account for $185, the same being the total amount at the agreed price for books furnished to plaintiff, less a credit of $50.10 thereon. At and during the trial, plaintiff produced and surrendered in open court for cancellation each and all of the several promissory notes of defendant which were then unpaid. Plaintiff elected to sue upon account as for the original consideration instead of upon the notes, which were each and all then due under the stipulation in the contract to the effect that if any note should remain unpaid thirty days after falling due, all of said notes should become at once due and payable.

It is argued that the court should have given defendant's instruction in the nature of a demurrer to the evidence and declared that plaintiff was not entitled to recover in this action on the original consideration, because the account had been fully paid by the giving of notes; but we find no suggestion in the proof to this effect. That one may sue on the original consideration, if he surrenders a note given thereon for cancellation at the trial, is settled beyond question. The mere fact that a note has been given and received on the same consideration for which the suit is prosecuted in *assumpsit* is immaterial, unless

an express agreement to the effect that such note was given in payment of the debt is shown, and the burden of showing such express agreement is on the party asserting it to be true. In this case, such burden rested upon defendant, but there is no suggestion whatever in his evidence to the effect that the notes were given in payment of his indebtedness. The indebtedness to plaintiff is admitted by defendant to be valid and subsisting, and the appeal presents only the technical question referred to. That the judgment was properly given for plaintiff in the circumstances stated is well settled by the following authorities and it is therefore unnecessary to elaborate the principle: See McCormack Harvesting, etc. Co. v. Blair, 146 Mo. App. 374, 124 S. W. 49; McMurray v. Taylor, 30 Mo. 263; Howard v. Jones, 33 Mo. 583; Howard v. Shirley, 75 Mo. App. 150; Holland v. Rongey, 168 Mo. 16, 67 S. W. 568. All of defendants' notes which had not been theretofore delivered to him when paid were surrendered for cancellation during the trial, so, too, was the original contract by which the books were purchased, and the judgment was, therefore, properly given on the account for the original consideration. The notes were not given in the first instance as payment of the indebtedness but merely as security therefor, and defendant is certainly not prejudiced by having the judgment against him for the indebtedness which he admits on account instead of on the notes themselves. Especially is that true when the notes are surrendered and cancelled. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.