# BIG FOUR IMPLEMENT CO., Defendant in Error, v. FRANK O. CHESNEY, Plaintiff in Error.

### Kansas City Court of Appeals, June 26, 1920.

1. **VARIANCE: Suit on Open Account: Account Stated.** Plaintiff filed petition on an open account. Later, account was settled by payment of $200 in cash and balance in three notes. The answer filed set up a statement of the settlement. Plaitniff in his reply admitted payment of the $200 and tendered the notes for cancellation. *Held*, recovery on the open account could be had as the admission by defendant that the sum sued for was correct did not convert the action into one on stated account.

2. **CAUSE OF ACTION: Settlement: Acceptance of Notes.** The acceptance of notes does not operate to destroy the original cause of action but serves merely to suspend the right to sue thereon.

Writ of Error to Jackson Circuit Court.—*Hon. Allen C. Southern,* Judge.

AFFIRMED.

*Samuel Feller* for defendant in error.

*Jay L. Oldham* for plaintiff in error.

BLAND, J.—This suit was commenced on October 11, 1913, by plaintiff filing a petition on an open account for goods, wares, and merchandise sold to defendant at various dates between January 1, 1913, and April 1, 1913, of the agreed price of $907.37.

On October 17, 1913, the account was settled by defendant paying to plaintiff $200 in cash and the giving of three notes for the balance, due in 30, 60 and 90 days. Service was had upon the defendant on February 14, 1914, and on that day answer was filed. The answer contained no general denial. In fact, it contained nothing further than a statement of the settlement and that the notes mentioned were "accepted as full settlement of said claim." On March 16, 1918, plaintiff replied to defend-

ant's answer admitting the receipt of $200 as payment upon the account and stating that "plaintiff hereby waives all of its rights under said notes and herein tenders the same in court for cancellation." The case went to trial on May 13, 1918.

The evidence shows that defendant made the settlement in Phoenix, Arizona, with plaintiff's attorneys there. Defendant testified that he paid the $200 and gave the notes to plaintiff's attorney who said that he accepted the cash and notes in full settlement of the account. Defendant admitted that he had never paid the notes. The court refused to give defendant's instruction in the nature of demurrer to the evidence, judgment went for plaintiff, and the case has been brought here by writ of error.

It is claimed that the evidence shows there was a fatal variance between the pleadings and the proof in that the petition charges an action upon an open account while recovery was had upon an account stated, or a settlement. We think there is nothing in this contention. The payment of the $200 was merely a cash payment made upon the account, the giving of the notes did not operate to extinguish the indebtedness, as there was no express agreement that they should constitute payment. As was stated in McCormack Harvesting Machine Co. v. Blair, 146 Mo. App. 374, 379, 380—

"  .  .  .  the giving of the note in such circumstances suspends the right to sue upon the indebtedness during the time the note has to run and it is treated as a payment thereof to the extent that the party to whom the note has been given cannot recover upon the original case of action without producing the note on the trial for cancellation or properly accounting for its non-production. But in the absence of an express agreement to that effect the note does not operate to extinguish the indebtedness."

The rule laid down in that case is sustained by ample authority in this state. [Holland v. Rongey, 168 Mo. 16; McMurray v. Taylor, 30 Mo. 263; Barton Lumber Co. v.

Gibson, 161 S. W. 357.] We do not think that on account of the facts showing that the parties agreed upon the amount sued for in the petition as being the proper amount due and for that reason the account became an account stated, plaintiff is prevented from recovering upon a petition charging an open account. When the debtor acknowledges and promises to pay an account rendered him by the creditor, the account becomes a stated account but it does not prohibit the creditor from disregarding or waiving the statement of account and from maintaining his action upon the original items. [1 C. J. 707; 1 R. C. L., p. 219; 1 Cyc. 389; Cross v. Moore, 23 Vt. 479; Porter v. C. I. & D. Ry. Co., 99 Iowa, 351, 355; Buxton v. Edwards, 134 Mass. 567.] Where one accepts in liquidation, but not payment, of an open account a negotiable promissory note, he can recover in a suit upon the original cause of action where he produces and surrenders the note or satisfactorily accounts for its absence. [1 R. C. L., p. 206; Holland v. Rongey, supra; McCormack Harvesting Machine Co. v. Blair, supra; Cross v. Moore, supra.]

The case of McCormick v. Transit Co., 154 Mo. 191, relied upon by defendant is not in point. That was a case for extra work done done by plaintiff in building and constructing a tunnel for the defendant. The petition was upon a *quantum meruit,* alleging that the amount due was $25,457.35; that a partial settlement had been made in which defendant had delivered to plaintiff three notes but that said notes were not taken in payment, plaintiff offered to surrender for cancellation two of the three notes that had not been paid. The evidence showed that there had been a compromise and settlement between plaintiff and defendant by which plaintiff accepted $17,691.22 in full of his demands, a part of which was paid in cash and the remainder by said notes. The two unpaid notes plaintiff offered to surrender to be canceled. The petition proceeded upon the theory that there had been only a partial settlement of the claim and plaintiff offered therein to surrender the unpaid notes he re-

ceived in that settlement and sought to recover on the original open account. There having been a complete compromise or settlement, it was held that plaintiff was bound by such compromise, that the settlement constituted a new agreement which he could not repudiate in the absence of proof of fraud or mistake, that he must recover, if at all, upon the new cause of action, that is, the compromise agreement, and could not recover upon the cause of action alleged. The court held that as there was no agreement that the notes were taken as payment the action might have been maintained, upon the surrender of the unpaid notes, for the balance, less the payments up to the time of the institution of the suit, as upon a stated account, but that the cause of action did not proceed upon the theory that the notes were given as a part of the settlement of the entire claim but on the theory that they were given as part settlement of an open account, that is, the account as it stood before the settlement, therefore plaintiff could not recover the amount represented by the unpaid notes; that he had sued upon an open acount and not upon the settlement or stated account. The facts in that case are entirely unlike those in the case at bar. In that case there was a settlement or substitution of one agreement for another. When the settlement was made it entirely abrogated and wiped out of existence the cause of action sued upon and there could not have been any recovery in that case upon that cause of action. Of course. it is well settled that there there has been a settlement between the parties the cause of action must be based upon the settlement and not upon the original cause of action embraced in the settlement. [Broderick v. Hartman, 141 Mo. App. 259, 262.] But in the case at bar there was no settlement in the sense of a substitution of a new agreement for the old one. When plaintiff offered to surrender the notes the settlement amounted to no more than an acknowledgment of, and an agreement to pay, the original demand, and plaintiff had a right to waive the account stated and sue upon the open account. The answer failed to deny the correctness of the open ac-

count nor did it plead such facts that constituted full payment. Therefore, the court did not err in overruling defendant's instruction in the nature of a demurrer to the evidence, and in instructing the jury that plaintiff was entitled to recover the unpaid balance.

The judgment is affirmed. All concur.